Taylor, Chief Justice.
 

 The exceptions taken to the judgment in this case are, that the judge who tided it was applied to by the defendant’s counsel, to repeat to the jury the evidence before they retired; and secondly, that the judge refused to instruct the jury, that, if they believed the testimony of the defendant’s witnesses they ought to acquit the defendant. It cannot be traced or ascertained, on the first point, that any rule of the common: law exists, that makes it imperative on a judge to repeat the evidence to the jury. He is placed on the bench, to the end that he may preside over the order and solemnity of trials, maintain the authority of the laws, and administer them upon all applications which are solely confined to his jurisdiction. If on the trial of a cause, the witnesses are numerous, the evidence complicated, and
 
 *391
 
 the main question, or principal issue obscured by various .and conflicting testimony, he may, in his discretion, sum up the whole to the jury, that they may apply it properly, and have their attention directed to the essential points in controversy. No judge would ever refuse to impart such assistance, when it is requested by a jury, nor would he withhold it in any case, wherein the nature of the evidence or the conduct of the cause led him to believe, that his aid would enable them to discharge their constitutional functions with more correctness or facility. Bub it must of necessity depend on the circumstances of each case, whether the judge believes that his aid would be of any efficacy; whether tlie case be not so plain and intelligible, as to render his interference unnecessary, or the evidence so equally-balanced as to make it unsafe. All these considerations, the law has 'wisely confided to the. sound discretion of the judge; and it affords a singular testimony in favor of our free institutions, that the reluc- . tance of judicial interposition should be made a subject of complaint, when in other countries, where the same system of law prevails, the invasion of the rights of juries has been an abundant source of public evil. The common law is not altered in this respect by the act of 1796,
 
 eh.
 
 52, which professes only to prescribe the manner in which a judge shall charge the jury, when he thinks fit to deliver a charge; not to make it his duty to deliver one, if he deem it unnecessary. “ it shall not be lawful for any judge, in delivering a charge to the petit jury, to give an opinion whether any fact is fully or sufficiently proved, such matter being the true office and proper province of the jury; but it is hereby declared to be the duty of the judge in such cases, to state, in a full and correct manner, the facts given in evidence, and to declare and explain the law arising therefrom.” No implication can arise from this law, that lie must charge the jury; but if he does charge them, he must do it according to the rule there laid down. On any question of law which may
 
 *392
 
 arise, during the trial, either party has an undoubted right to demand the opinion of the Court, for this is essential to the proper administration of justice. In this case yie Court gave an opinion on the law, by refusing to give the instruction prayed for by the defendant’s counsel. It was distinctly decided by the Court, that the defendant was guilty in point of law, upon the supposition of the jury’s believing the witnesses for the state, although they should also believe the defendant’s witnesses. And upon looking into the case, it seems impossible to doubt as to the correctness of this opinion; for the defendant’s witnesses testified, that when the officer was set upon and the scuffle going on to rescue the party in custody, the defendant retired from the crowd, and said, « boys, you had better take care what you are about; I will have nothing to do with it.” The defendant had 'previously told the officer, in a threatening and intimidating manner, that the prisoner whom he had in custody "''should not go to jail, if money or security would save him. He afterwards repeated that the prisoner should not go to jail at all, and immediately several of the party set upon the officer and attempted a rescue, in the course of Which the officer was assaulted and beaten. If the jury believed that the defendant was an aider and abettor in the commencement, he did not cease to be a co-trespasser because he was unwilling to go all lengths with his party. The judgment must b'e affirmed,