STATE v. L. H. REDDITT.

(Filed 18 February, 1925.)

**Criminal Law—Assault—Deadly Weapon—Statutes—Burden of Proof—Instructions—Appeal and Error.**

> For a conviction under the provisions of C. S., 4214 for an assault with a deadly weapon, with intent to kill, and inflicting a serious injury, not resulting in death, the burden of proof is on the State to show the various elements of the offense, beyond a reasonable doubt; and it is reversible error for the trial judge to instruct the jury, upon the evidence, that the use of a deadly weapon cast the burden upon the defendant to disprove his guilt.

APPEAL by defendant from *Sinclair, J.,* at November Term, 1924, of BEAUFORT.

Criminal prosecution, tried upon indictments charging the appealing defendant and his son, D. E. Redditt, with maliciously maiming Tobe Minor (C. S., 4212) and with assaulting him with a deadly weapon, with intent to kill, and inflicting serious injury, not resulting in death.

C. S., 4214. As all the cases grew out of the same occurrence, they were consolidated and tried before the same jury. Both defendants were acquitted on the charge of maiming, and the son, D. E. Redditt, was acquitted on the charge of an assault with a deadly weapon, with intent to kill, resulting in serious injury; but the father, L. H. Redditt, was convicted on this latter charge, and from the judgment pronounced thereon he appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*W. A. Thompson, Lindsay C. Warren, and Small, MacLean & Rodman for defendant.*

STACY, J. The statute under which the appealing defendant was indicted and convicted provides that any person who assaults another (1) with a deadly weapon, (2) with intent to kill, and (3) inflicts serious injury, not resulting in death, shall be guilty of a felony and shall be punishable by imprisonment in the State's Prison or be worked on the county roads for a period of not less than four months nor more than ten years. C. S., 4214. These three essential elements must be proved in order to warrant a conviction under the statute (*S. v. Crisp,* 188 N. C., 800), and the burden is on the State to establish them all, beyond a reasonable doubt, where the defendant enters a plea of "not guilty" to the charge contained in the bill of indictment, as was done in the instant case. *S. v. Singleton,* 183 N. C., 738; *Speas v. Bank,* 188 N. C., p. 527.

The following excerpt from the charge forms the basis of one of the defendant's exceptive assignments of error:

"In this case, gentlemen of the jury, when the defendants admit that they fired the guns which wounded Tobe Minor, the burden of proof thereupon shifts to the defendants to satisfy the jury that they were justifiable in shooting him. In other words, after having admitted that they shot him, the law presumes that they are guilty of assault with a deadly weapon, with intent to kill, and there is no dispute in this case that serious injury was inflicted upon him, and in that case the burden rests upon the defendants to satisfy the jury from such facts and circumstances as may appear from the evidence in the case that they acted in self-defense, and, therefore, were justifiable in shooting him."

This instruction, we think, must be held for error. The admission or proof of an assault with a deadly weapon, resulting in serious injury, but not in death, cannot be said, as a matter of law, on the present record, to establish a presumption of felonious intent, or intent to kill, sufficient to overcome the presumption of innocence, raised by a plea

12—189

of traverse, and cast upon the defendant the burden of disproving his guilt. *S. v. Wilbourne,* 87 N. C., 529; *S. v. Falkner,* 182 N. C., 793.

The intent to kill was denied by the defendants, it being their contention that they discharged their guns, loaded with bird shot, to repel an attack made upon them in which it reasonably appeared that they were in danger of losing their lives or sustaining great bodily harm. The case is dissimilar to an indictment for murder, where malice is presumed from the deliberate use of a deadly weapon; for there it could be said. that the defendant intended the consequences of his act, but here the intent to kill, if present, was not followed by such grievous consequences. Hence, it cannot be said, as a matter of law, that the defendant intended to kill; his act fell short of that intention, and no killing occurred. The law will not ordinarily presume a murderous intent where no homicide is committed. This is a matter for the State to prove. *S. v. Allen,* 186 N. C., 302; *S. v. Hill,* 181 N. C., 558.

The case of *S. v. Knotts,* 168 N. C., 173, in no way conflicts with our present position, for there the Court was discussing the presumption of malice which arises from the deliberate use of a deadly weapon, and not the necessary intent to kill, as prescribed by the statute now before us.

The facts, adduced on the hearing, were amply sufficient to carry the case to the jury, but it was error to require the defendant to disprove the alleged intent to kill. This entitles the defendant to a new trial; and it is so ordered.

New trial.