### STATE v. BEATRICE SIMMERSON.

#### (Filed 21 April, 1926.)

**Criminal Law—Burden of Proof—Presumption of Innocence—Self-Defense.**

> The presumption of innocence remains with the defendant in a criminal action throughout the trial, and upon evidence tending to show that the defendant cut the prosecuting witness with a knife, it is reversible error for the trial judge to instruct the jury that she must prove self-defense to a moral certainty by her evidence tending to sustain it.

CRIMINAL ACTION, tried before *Stack, J.,* at October Term, 1925, of FORSYTH.

The defendant was indicted upon a bill of indictment charging assault with a deadly weapon, to wit, a knife, with intent to kill one Dave Smith. The evidence tended to show that Dave Smith, the prosecuting witness, and the defendant had been going together for some time, and that on a certain night in June, 1925, the defendant came to Smith's house at his request. Clara Davis was in the house with him. When the defendant came in the room there were some words between Smith and the defendant, and thereupon he commanded the woman, Clara Davis, to "stand back out of the way," and drew a split-bottom chair and hit the defendant, pushing her through the door and over a bed in the back room where there was no light. The defendant testified that after she had been hit with the chair three times and pushed back on the bed in the back room where there was no light, and while Smith was on top of her, beating her, that she got a knife and cut upwards, inflicting wounds upon him.

In response to a question asked the defendant by the court as to why she cut the prosecuting witness, she testified that she was afraid of her life; that Smith had a knife and was on top of her threatening to kill her at the time she cut him.

The cause of the fight was doubtless correctly expressed by the defendant in a statement to the policeman who arrested her, and who testified that the defendant said "that she was in love with Dave Smith, and when she saw him in the room with another woman she went all to pieces."

The defendant was convicted and sentenced to the State's prison for a period of not less than one year nor more than two years, from which judgment the defendant appealed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*J. E. Alexander for defendant.*

BROGDEN, J. The trial judge charged the jury as follows: "The court charges you that when the State has shown the use of a deadly weapon, and the court charges you that it was a deadly weapon, and further shows that the defendant stabbed the prosecuting witness in the manner indicated by the prosecuting witness, that the State has made out a prima facie case. Then the burden shifts. The defendant comes forward and says that she is not guilty. She admits that she stabbed the prosecuting witness with a knife, but says that she cut in self-defense." The court further charged the jury: "It is the duty of the defendant to fully satisfy you of this or to a moral certainty that she acted in self-defense before you can excuse her. If she has so fully satisfied you or satisfied you to a moral certainty that she cut in self-defense, then you will acquit the defendant, but unless you are so satisfied, you will convict the defendant."

This charge of the trial judge is not in accordance with the law and cannot be upheld. The vice of the charge consists of two elements: first, the shifting of the burden to the defendant; and, second, the imposing upon the defendant, in substance, the burden of establishing her innocence beyond a reasonable doubt. The correct principle governing cases of this sort is thus expressed by *Ruffin, J.,* in *S. v. Wilbourne,* 87 N. C., 529: "The general rule most undoubtedly is that the truth of every averment, whether it be affirmative or negative, which is necessary to constitute the offense charged must be established by the prosecutor. The rule itself is but another form of stating the proposition, that every man charged with a criminal violation of the law is presumed to be innocent until shown to be guilty, and it is founded, it is said, upon principles of natural justice; and so forcibly has it commended itself by its wisdom and humanity to the consideration of this Court, that it has never felt willing, whatever circumstances or difficulty might attend any given case, to disregard it."

The correct doctrine as to burden of proof in criminal cases is thus expressed by *Stacy, J.,* in *S. v. Falkner,* 182 N. C., 796: "The burden is still with the State, under all the evidence, to satisfy the jury, beyond a reasonable doubt, of the defendant's guilt."

These just principles are so intimately wrought into the fabric of the law that it is unnecessary to debate the proposition. *S. v. Little,* 178 N. C., 722; *Speas v. Bank,* 188 N. C., 524; *S. v. Redditt,* 189 N. C., 176; *S. v. Kline,* 190 N. C., 177.

Indeed, the able attorneys for the State, under the authority of *S. v. Redditt, supra,* frankly confess error in the brief filed in this cause.

There must be a·

New trial.