### STATE v. BALDWIN.

(Filed 13 April, 1927.)

**Criminal Law—Intoxicating Liquor—Aiding and Abetting—Evidence— Questions for Jury.**

> Where there is evidence tending to show that the defendant was not only present at the commission of the offense of unlawfully transporting intoxicating liquor, but actively participated therein, an issue of fact is raised for the determination of the jury.

CRIMINAL ACTION, tried before *Daniels, J.,* at December Term, 1926, of DURHAM.

The defendant was arrested upon a warrant charging that on or about 31 July, 1926, the defendant "did wilfully, maliciously and unlawfully sell, barter, transport, import, export, deliver, furnish, purchase or possess intoxicating liquor for the purpose of sale." The defendant pleaded not guilty, and the evidence tended to show that the officers of Durham County saw the car of the defendant leave the Alston Avenue road or highway and turn into the Ellis road and stop. When the pursuing officers saw that Baldwin's car had stopped they went near his car and saw some one out in the woods striking matches and walking about in different places. The defendant, Baldwin, and another man named Fuller came out of the woods to Baldwin's car and were arrested just before they got to the car. Fuller had five pints of whiskey in his shirt. Later in the night the officers went back in the woods where they had seen matches struck, and upon search found empty bottles and a half-gallon of whiskey. The empty bottles were the same sort that Fuller had when arrested. The place where the whiskey and bottles were found showed signs of a good deal of walking. Stumps had been bored up and the stump holes had the appearance of having been used for hiding whiskey. Baldwin did not have any whiskey on his person at the time of his arrest. Fuller said it was his whiskey.

The automobile belonged to Baldwin. The officers saw Baldwin striking matches close to where the whiskey was found. The defendant's car was searched and two empty pint bottles were found therein. "They were the same size and sort of bottles that Joe Fuller had in his shirt when we arrested them. I think they had the odor of liquor about them."

The defendant did not testify in person, but offered testimony to the effect that Fuller was drinking and that a friend of Fuller's requested him to drive "him about" in order to "sober him up."

Fuller was a witness for Baldwin, and testified that Baldwin knew nothing about the whiskey and had nothing to do with it.

The jury convicted the defendant of aiding and abetting in the transportation of whiskey, and from the sentence imposed by the court the defendant appealed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Mel J. Thompson for defendant.*

PER CURIAM. The various definitions and shades of meaning of aiding and abetting are contained in *S. v. Hart,* 186 N. C., 582. An approved definition of aiding and abetting is as follows: "In order for one to aid and abet the commission of a crime he must do something that will incite, encourage or assist the actual perpetrator in the commission of the crime. Mere presence, even with the intention of assisting in the commission of a crime, cannot be said to have incited, encouraged, or aided the perpetrator thereof, unless the intention to assist was in some way communicated to him. The law does not punish intent which is without influence on an act." Another approved definition is: "An abettor is one who gives aid and comfort, or who either commands, advises, instigates, or encourages another to commit a crime. A person who, by being present, by words or conduct, assists or incites another to commit a crime—a person who, by being present, by words or conduct, assists or incites another to commit the criminal act." *S. v. Jarrell,* 141 N. C., 722; *S. v. Cloninger,* 149 N. C., 567; *S. v. Hart, supra.*

The facts and circumstances of this case warrant a submission of the question to the jury, and it was the province of the jury to weigh the evidence and to draw from it such reasonable inferences as the testimony justified.

Upon the entire record we find no error of law, and are, therefore, compelled to affirm the judgment.

No error.