### STATE v. WALTER GIBSON.

#### (Filed 19 December, 1928.)

**Assault—Assault With Intent to Kill—Intent—Malice—Presumptions—Deadly Weapon.**

Upon a trial of one charged with using a deadly weapon in inflicting a serious injury not resulting in death, C. S., 4214, an instruction that the use of such weapon raises a presumption of felonious intent is reversible error, the fact of murderous intent being for the State to prove.

APPEAL by defendant from *Moore, J.*, at July-August Term, 1928, of SWAIN.

Criminal prosecution tried upon an indictment charging the defendant with a felonious assault upon one Otis Carver, with a deadly weapon, to wit, a knife, with intent to kill, and inflicting serious injury, not resulting in death, contrary to the statute, C. S., 4214, in such cases made and provided and against the peace and dignity of the State.

Verdict: Guilty.

Judgment: Imprisonment in the State's prison for a term of not less than two, and not more than five, years.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*W. G. Hall, E. P. Stillwell and Moody & Moody for defendant.*

STACY, C. J. It is not denied that the defendant cut the prosecuting witness with a knife, but he alleges that this was done during or following a fight in which he was thrown from the back of an automobile and rendered practically unconscious when his head struck the concrete highway, and that he did not know what took place for some time thereafter.

The court instructed the jury as follows:

"If the State has satisfied you beyond a reasonable doubt that the defendant cut the man Carver with a deadly weapon, then the burden shifts to the defendant to satisfy you that he did not know anything about this matter; that his mind was addled and that he knew nothing about it, he must satisfy you that at the time he was so unbalanced that he didn't know right from wrong, and the fact that he was voluntarily drunk and didn't know what he was doing, that would not excuse him. . . . If you further find that he knew what he was doing, you would return a verdict of guilty. If you find beyond a reasonable doubt that in the first instance the prosecuting witness was cut with the knife by this man, it being either admitted or proved that he cut Carver with a knife, that would presume malice on his part and an intent to do it; if he struck with a deadly weapon that presumes malice. If you further find that he had malice in his heart, then it would be your duty to convict him."

This charge forms the basis of one of defendant's exceptive assignments of error, and it is conceded by the Attorney-General that the instruction is erroneous in view of the decisions in *S. v. Simmerson*, 191 N. C., 614, 132 S. E., 596, and *S. v. Redditt*, 189 N. C., 176, 126 S. E., 506.

The admission or proof of an assault with a deadly weapon, resulting in serious injury, but not in death, cannot be said, as a matter of law, on the present record, to establish a presumption of felonious intent, or intent to kill, sufficient to overcome the presumption of innocence, raised by a plea of traverse, and cast upon the defendant the burden of disproving his guilt. *S. v. Wilbourne*, 87 N. C., 529; *S. v. Falkner*, 182 N. C., 793, 108 S. E., 756.

The case is not like an indictment for murder, where malice is presumed from the deliberate use of a deadly weapon; for there it could be said that the defendant intended the consequences of his act; but here the intent to kill, if present, was not followed by such grievous consequences. Hence, it cannot be said, as a matter of law, that the defendant intended to kill; his act fell short of that intention, and no killing occurred. The law will not ordinarily presume a murderous intent where no homicide is committed. This is a matter for the State to prove. *S. v. Allen,* 186 N. C., 302, 119 S. E., 504; *S. v. Hill,* 181 N. C., 558, 107 S. E., 140.

For the error confessed a new trial must be awarded, and it is so ordered.

New trial.