STATE v. JOHN W. REVELS AND ROOSEVELT REVELS.

(Filed 11 December, 1946.)

**1. Assault § 8d—**

Intent to kill may be inferred from the nature of the assault, the manner in which it is made, the conduct of the parties, and other relevant circumstances.

**2. Assault § 13—**

Evidence tending to show that defendants, acting in concert, made a malicious, unprovoked assault with a knife upon an unarmed victim, inflicting a wound requiring twenty-six stitches externally and three internally to close, is sufficient evidence from which the jury may infer intent to kill, and therefore is sufficient to overrule defendants' motion to nonsuit on the charge of felonious assault, and to support the judge's submission to the jury of the question of defendants' guilt of assault with a deadly weapon with intent to kill. The distinction between an inference which may be drawn from the evidence and a presumption arising upon the evidence pointed out.

**3. Criminal Law § 81c (4)—**

Where a general verdict of guilty on all counts is returned, the verdict is sufficient to uphold the judgment imposing concurrent sentences if any one of the counts is sound, and therefore on appeal exceptions relating to other counts are immaterial and need not be reviewed.

APPEAL by defendants from *Williams, J.,* at April Term, 1946, of ROBESON.

Under several indictments, consolidated for trial, the defendants, among other counts not pertinent to this review, were charged with felonious assault with a deadly weapon with intent to kill, and inflicting

serious injuries not resulting in death on John Baxley, Billie James Baxley and Charlie Rogers, respectively.

There was evidence on the part of the State tending to show that the persons assaulted were traveling in a wagon drawn by mules, towards home from Lumberton, where they had bought some supplies which were being carried on the wagon. The wagon was about two-thirds across an intersecting road when defendants, in a car carrying no lights, ran into the tongue of the wagon, knocking off Charlie Rogers and the three-year-old grandson of Baxley, crushing the hand of the child and doing other injuries. The defendants did not stop. After picking up Rogers and the hurt child, Baxley drove the wagon in the direction of home. In about 15 or 20 minutes the defendants, still driving without lights, overtook the wagon from behind. The two Revels went around, caught the mules and stopped the wagon. They then demanded pay for damage to the automobile and told the occupants of the wagon, "You are going to pay us before you leave here." When Baxley refused, they ran upon him, and the mules broke and ran. The defendants then got hold of the wagon, one of them cut Baxley across the hand, severing the leaders to the bone. Rogers was cut in the back so severely it took twenty-six stitches "on the outside" and three "on the inside" to close the wounds. The three-year-old child was also cut during the assault in addition to the wounds received in the collision. The wounds were knife wounds, and severe. Those on Baxley severed the leaders on one hand, and those on Rogers produced severe hemorrhage.

There was evidence on the part of defendants in contradiction.

The defendants demurred to the evidence as being insufficient to sustain an inference of felonious assault, or intent to kill, and moved for judgment of nonsuit with respect to said charge. The motion was overruled and defendants excepted.

The judge instructed the jury, in indicating the verdicts permissible under the evidence, that they might find the defendants guilty under all the counts. The defendants excepted, contending that there was no evidence of felonious assault or intent to kill.

There was a general verdict of guilty, and thereupon the defendants were sentenced to be confined in the State's Prison for a term of not less than five nor more than seven years, the sentences to run concurrently.

The defendants appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*John S. Butler for defendants, appellants.*

SEAWELL, J. The appellants present two questions for review: Whether the case should have been nonsuited, on the demurrers to the

evidence, with respect to the charge of felonious assault; and whether the court erred in its instruction to the jury, that they might, as a permissible verdict, find the defendants guilty on all counts, thus including the charge of felonious assault. The exceptions are, of course, interrelated, the propriety of the instruction depending upon the validity of the judgment overruling the demurrers. We turn our attention to that question.

The appellants contend that there was no evidence of an intent to kill. They do not contend, considering the specific nature of the demurrer, that there was not evidence of (1) an assault; (2) the use of a deadly weapon; (3) the infliction of a serious injury; (4) not resulting in death. All these, however, they contend, taken together, do not engender an inference of the intent to kill; and cite *S. v. Redditt,* 189 N. C., 176, 126 S. E., 506; *S. v. Carver,* 213 N. C., 150, 195 S. E., 349; and quote from *S. v. Gibson,* 196 N. C., 393, 145 S. E., 772.

We fear that the significance of the cited cases has escaped the defense. In all of these cases the Court was dealing with the question of presumptions; with erroneous instructions to the jury that assault with a deadly weapon inflicting serious injury not resulting in death, raised a *presumption* of felonious assault, or intent to kill, thus burdening the defendant with the necessity of proving his innocence of an element of the crime—the intent to kill,—which it was incumbent on the State to prove beyond a reasonable doubt. We quote from *S. v. Gibson, supra:*

"The admission on proof of an assault with a deadly weapon, resulting in serious injury but not in death, cannot·be said, *as a matter of law,* on the present record, to establish a presumption of felonious intent, or intent to kill, sufficient to overcome the presumption of innocence, raised by a plea of traverse, and cast upon defendant the burden of disproving his guilt." (Italics supplied.)

This Court has never said—indeed could not say—that the circumstances attending such an assault might not afford evidence of a felonious assault, or an assault with intent to kill. Such intent may be inferred from the nature of the assault, the manner in which it is made, the conduct of the parties, and other relevant circumstances. *S. v. Smith,* 211 N. C., 93, 189 S. E., 175; *S. v. Oxendine,* 224 N. C., 825, 829, 830, 32 S. E. (2d), 648. Without cataloguing the evidence we may say that a person who uses a lethal weapon so savagely as to open a wound in the body of his unarmed victim which causes severe hemorrhage and takes twenty-six stitches externally and three internally to close, may be held by the jury to have had a homicidal intent, although death did not ensue. *S. v. Redditt, supra,* is not in conflict with this view; it deals with certain *presumptions* which arise out of the killing and which are not otherwise present; not with *inferences* which might be drawn from the circumstances of the assault. Persons intending to inflict a punishment

short of death could have been more careful in selecting the instrument and less prodigal in its use. Fortunately the wound, serious as it was, did not cause death, but that, apparently, was not due to any restraint on the part of the assailants.

There was ample evidence that the defendants acted in concert. Since there was a general verdict of guilty on all counts, and the sentences imposed are to run concurrently, we need not inquire whether the assault on the infant Baxley could be differentiated in evidentiary aspects from the other counts. *S. v. Graham,* 224 N. C., 347, 350, 30 S. E., 151.

The demurrers to the evidence were properly overruled. Defendants' challenge to the trial presents no sufficient reason why the result should be disturbed. On the record we find

No error.