STATE v. THEODORE BIRCHFIELD, D. W. BIRCHFIELD, AND LEROY BIRCHFIELD.

(Filed 16 April, 1952.)

**1. Criminal Law § 8a—**

A principal in the first degree is one who actually commits the offense with his own hand.

**2. Criminal Law § 8b—Definition of principal in second degree.**

A principal in the second degree is one who is actually or constructively present when an offense is committed by another and who aids or abets such other in the commission of the offense, and while the mere presence of a bystander at the scene does not constitute him a principal in the second degree, even though he make no effort to prevent the crime, or silently approve its commission or secretly intend to assist the perpetrator in case his aid becomes necessary, when he shares in the criminal intent and is present to the knowledge of the actual perpetrator for the purpose of giving assistance if necessary, and his presence and purpose to do so in fact encourages the actual perpetrator to commit the offense, he is guilty as a principal in the second degree.

**3. Same—**

In determining whether a person is guilty as a principal in the second degree, evidence of his relationship to the actual perpetrator, of motive tempting him to assist in the crime, his presence at the scene, and his conduct before and after the crime, are circumstances to be considered.

**4. Assault § 8d—**

In order to sustain conviction of defendant as a principal under G.S. 14-32, the State must prove that defendant committed an assault and battery upon another with a deadly weapon, with intent to kill the victim of his violence, and did thus inflict on the person of his victim serious injury not resulting in death.

**5. Assault § 13—Evidence held sufficient to be submitted to the jury in this prosecution for assault with a deadly weapon with intent to kill, inflicting serious injury.**

Defendants are the father-in-law and the brothers-in-law of the prosecuting witness. The State's evidence tended to show that while a prosecution against defendants for assault on the prosecuting witness was pending, defendants in a car, driven by one of the brothers-in-law, met the car driven by the prosecuting witness in a rural section of the county, that as the cars passed, the father-in-law fired two shots into the car driven by the prosecuting witness, that the prosecuting witness stopped his car and undertook to flee, that the driver of the other car stopped it, permitting the father-in-law to alight, that the father-in-law felled the prosecuting witness with a shot through his body, and that all of the defendants left in their car without offering aid to the prosecuting witness who was lying on the ground seriously injured. *Held:* The evidence is sufficient to be submitted to the jury on the question of the father-in-law's guilt as a principal in the first degree and the brothers-in-law's guilt as principals in the second degree in a prosecution under G.S. 14-32.

**6. Criminal Law § 44—**

A motion for a continuance ordinarily is addressed to the discretion of the trial court, and his refusal of such motion will not be disturbed on appeal unless the record discloses abuse of discretion or that the refusal of the motion deprived defendant of his fundamental right to an adequate and fair trial.

**7. Assault § 12: Criminal Law § 29b—**

Evidence that some six weeks prior to the occasion in question one of defendants shot at prosecuting witness, and that the prosecuting witness had all of defendants arrested on a charge of assault, *is held* competent for the purpose of showing intent and motive on the part of the defendants in making the later assault.

**8. Criminal Law § 50d—**

It appeared that during lengthy testimony, the judge, in response to the witness' request, was handing him water from the only pitcher available, and so did not hear the solicitor's question but only the objection of defendant's counsel, and that thereupon the court inquired whether the objection was to his giving the witness a drink of water. *Held:* The incident was not prejudicial.

**9. Same—**

It appeared that the witness volunteered a statement and that the judge admonished him "to keep quiet until (counsel) ask you questions." *Held:* The court was merely requiring the witness to observe the rules of evidence, and the incident was not prejudicial.

**10. Criminal Law § 81c (2)—**

A new trial will not be awarded for error in the charge which is not prejudicial.

**11. Criminal Law § 78e (2)—**

A misstatement of the contentions of a party must be brought to the trial court's attention in time to afford opportunity for correction.

APPEAL by defendants from *Rudisill, J.,* and a jury, at September Term, 1951, of GRAHAM.

Criminal prosecution upon an indictment charging that on 28 August, 1951, the defendants assaulted and wounded Boyd Jordan with a deadly weapon, to wit, a rifle, with intent to kill him, and in that way inflicted upon him serious injury not resulting in his death. G.S. 14-32.

The State's evidence was as follows:

1. Boyd Jordan's wife is the daughter of Theodore Birchfield and the sister of D. W. Birchfield and Leroy Birchfield. Relations between Jordan and his wife became strained, and they separated sometime before July, 1951.

2. In July, 1951, Theodore Birchfield shot Jordan in the leg. Jordan had Theodore Birchfield, D. W. Birchfield, and Leroy Birchfield arrested and charged with jointly assaulting him in connection with this shooting.

The case was set for trial at a term of the Superior Court of Graham County, which was to convene 3 September, 1951.

3. Five days before that time, *i.e.,* on 28 August, 1951, an automobile driven by Jordan, and an automobile operated by D. W. Birchfield met on a highway in a rural section of Graham County. Theodore Birchfield and Leroy Birchfield were riding in the car driven by D. W. Birchfield. Theodore Birchfield was armed with a rifle.

4. Thereupon the following events occurred in the order stated. As the two automobiles approached and passed each other, Theodore Birchfield fired two shots into the car driven by Jordan. "One took effect in the windshield, and the other in the windshield strip next to the front door." Jordan stopped his automobile, dismounted, and undertook to flee. D. W. Birchfield halted his car, permitting Theodore Birchfield to alight. Theodore Birchfield fired at Jordan, who was running away. The shot struck Jordan "in the back and came out his belly," felling him. Neither D. W. Birchfield nor Leroy Birchfield said anything while these things were happening. The defendants left in D. W. Birchfield's automobile without offering any aid to Jordan, who was lying on the ground.

5. The wound occasioned Jordan much pain, and necessitated his confinement to a hospital for a week.

Each defendant asserted his innocence, and presented testimony tending to establish an alibi.

The jury found each defendant "guilty as charged in the bill of indictment," and the trial judge sentenced each defendant to imprisonment in the State's prison. The defendants excepted and appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*R. B. Morphew and T. M. Jenkins for the defendants, appellants.*

ERVIN, J. The defendants insist initially upon reversals on the ground that the action ought to have been involuntarily nonsuited as to all of them under the statute embodied in G.S. 15-173. Inasmuch as they have been convicted of the principal charge rather than of a lesser offense included in it, our present inquiry comes to this: Does the State's evidence suffice to show that the defendants or any of them committed a felonious assault and battery with a deadly weapon with intent to kill within the purview of the statute codified as G.S. 14-32?

The State bottoms this prosecution on the theory that Theodore Birchfield is guilty as a principal in the first degree, and that D. W. Birchfield and Leroy Birchfield are guilty as principals in the second degree.

A principal in the first degree in an assault and battery is he who actually commits the assault and battery with his own hand. A principal in the second degree in an assault and battery is one who is actually or constructively present when an assault and battery is committed by another, and who aids or abets such other in its commission. *S. v. Minton,* 234 N.C. 716, 68 S.E. 2d 844; *S. v. Allison,* 200 N.C. 190, 156 S.E. 547; *S. v. Morris,* 10 N.C. 388.

To warrant the conviction of an accused of a felonious assault and battery under G.S. 14-32 on the theory that he participated in the offense as a principal in the first degree, the State must produce evidence sufficient to establish beyond a reasonable doubt that he did these four things: (1) That he committed an assault and battery upon another; (2) that he committed the assault and battery with a deadly weapon; (3) that he committed the assault and battery with intent to kill the victim of his violence; and (4) that he thus inflicted on the person of his victim serious injury not resulting in death. *S. v. Hefner,* 199 N.C. 778, 155 S.E. 879; *S. v. Gibson,* 196 N.C. 393, 145 S.E. 772; *S. v. Redditt,* 189 N.C. 176, 126 S.E. 506; *S. v. Crisp,* 188 N.C. 799, 125 S.E. 543.

This being true, the sufficiency of the State's evidence to establish the guilt of Theodore Birchfield on the principal charge is too evident to admit of dispute.

This conclusion does not put an end to our present inquiry. D. W. Birchfield and Leroy Birchfield take the position that the action should have been involuntarily nonsuited as to them for insufficiency of evidence of aiding and abetting even if the State's evidence is ample to prove that Theodore Birchfield committed a felonious assault and battery upon Jordan in their presence.

The mere presence of a person at the scene of a crime at the time of its commission does not make him a principal in the second degree; and this is so even though he makes no effort to prevent the crime, or even though he may silently approve of the crime, or even though he may secretly intend to assist the perpetrator in the commission of the crime in case his aid becomes necessary to its consummation. *S. v. Hart,* 186 N.C. 582, 120 S.E. 345; *S. v. Hildreth,* 31 N.C. 440, 51 Am. D. 369.

To constitute one a principal in the second degree, he must not only be actually or constructively present when the crime is committed, but he must aid or abet the actual perpetrator in its commission. *S. v. Epps,* 213 N.C. 709, 197 S.E. 580; *S. v. Davenport,* 156 N.C. 596, 72 S.E. 7; *S. v. Lumber Co.,* 153 N.C. 610, 69 S.E. 58. A person aids or abets in the commission of a crime within the meaning of this rule when he shares in the criminal intent of the actual perpetrator (*S. v. Oxendine,* 187 N.C. 658, 122 S.E. 568), and renders assistance or encouragement to him in the perpetration of the crime. *S. v. Hoffman,* 199 N.C. 328, 154 S.E.

STATE *v.* BIRCHFIELD.

314; *S. v. Baldwin,* 193 N.C. 566, 137 S.E. 590. While mere presence cannot constitute aiding and abetting in legal contemplation, a bystander does become a principal in the second degree by his presence at the time and place of a crime where he is present to the knowledge of the actual perpetrator for the purpose of assisting, if necessary, in the commission of the crime, and his presence and purpose do, in fact, encourage the actual perpetrator to commit the crime. *S. v. Williams,* 225 N.C. 182, 33 S.E. 2d 880; *S. v. Johnson,* 220 N.C. 773, 18 S.E. 2d 358; *S. v. Hoffman, supra; S. v. Cloninger,* 149 N.C. 567, 63 S.E. 154; *S. v. Jarrell,* 141 N.C. 722, 53 S.E. 127, 8 Ann. Cas. 438; *S. v. Chastain,* 104 N.C. 900, 10 S.E. 519.

Their relationship to the actual perpetrator of the crime, the motives tempting them to assist in the crime, their presence at the time and place of the crime, and their conduct before and after the crime are circumstances to be considered in determining whether D. W. Birchfield and Leroy Birchfield aided and abetted Theodore Birchfield in the perpetration of the felonious assault and battery. When these circumstances are appraised at their true probative value, they suffice to show beyond a reasonable doubt that D. W. Birchfield and Leroy Birchfield were actually present when their father shot and seriously wounded Jordan with intent to kill him; that they both shared in their father's criminal intent; that D. W. Birchfield actually aided his father in the crime by stopping the automobile and permitting his father to fire at Jordan from a stationary position; and that Leroy Birchfield actually encouraged his father to commit the crime by being present at the time and place of the crime to the knowledge of his father for the purpose of assisting, if necessary, in the consummation of the crime. Consequently the trial judge properly permitted the jury to pass upon the guilt and innocence of D. W. Birchfield and Leroy Birchfield.

The defendants assert secondarily that they are entitled to a new trial for errors committed by the trial judge in denying their motion for a continuance, in receiving and rejecting evidence, in disparaging them and their counsel in the presence of the jury, and in instructing the jury on the law of the case.

The granting or refusing of a motion for a continuance in a criminal action rests largely in the discretion of the trial judge. *S. v. Strickland,* 229 N.C. 201, 49 S.E. 2d 469; *S. v. Culberson,* 228 N.C. 615, 46 S.E. 2d 647; *S. v. Rising,* 223 N.C. 747, 28 S.E. 2d 221; *S. v. Lippard,* 223 N.C. 167, 25 S.E. 2d 594. In consequence, a ruling of a trial judge denying the motion of an accused for a continuance will not be disturbed on appeal unless the accused shows by the record that the denial of the motion amounted to an abuse of discretion or deprived him of his fundamental right to an adequate and fair trial. *S. v. Gibson,* 229 N.C. 497, 50 S.E.

2d 520; *S. v. Farrell,* 223 N.C. 321, 26 S.E. 2d 322. The defendants make no such showing in the case at bar.

The defendants assign as error the receipt of the State's testimony that six weeks prior to the felonious assault and battery alleged in the indictment one of the defendants shot the prosecutor, that the prosecutor had all of the defendants arrested and charged with jointly assaulting him in connection with the shooting, and that such charge was awaiting trial at the time specified in the indictment. This evidence had a logical tendency to show intent and motive on the part of the defendants, and consequently its admission was proper. *S. v. Church,* 231 N.C. 39, 55 S.E. 2d 792; *S. v. Oxendine,* 224 N.C. 825, 32 S.E. 2d 648; *S. v. LeFevers,* 216 N.C. 494, 5 S.E. 2d 552; *S. v. Ray,* 212 N.C. 725, 194 S.E. 482; Stansbury on North Carolina Evidence, section 92. The remaining assignments of error challenging the receipt or rejection of evidence have either been abandoned under Rule 28 or are without substantial merit.

The defendants claim that the trial judge disparaged them and their cause by an inquiry made of their counsel and a remark directed to Theodore Birchfield. When the case on appeal is read aright, these things appear either expressly or impliedly: The witness stand is near the judge's bench. During his re-direct examination, the State's witness Boyd Jordan, who had been testifying a considerable time, asked for a drink of water. The only water in the courtroom was in a pitcher on the judge's desk. The judge poured some water from the pitcher into a glass, and handed the glass to Jordan. As he did so, the solicitor propounded a question to the witness, and the defendants objected to it. Having heard the objection but not the question, the judge inquired of counsel for the defendants whether they were objecting to his "giving (the) witness a drink of water." Upon being advised as to the real basis of the objection, the judge promptly ruled thereon. While the defendant Theodore Birchfield was testifying in his own behalf, he volunteered the statement that he had documentary evidence to show he was "not well." It does not appear whether the solicitor objected to this incompetent statement. Be that as it may, the judge admonished Theodore Birchfield "to keep quiet until (counsel) ask you questions."

The judge was merely ascertaining the basis for the defendants' objection before ruling thereon, and endeavoring to require Theodore Birchfield to observe the rules of evidence. His conduct in so doing did not deprive the accused of their fundamental right "to a trial before an impartial judge and an unprejudicial jury in an atmosphere of judicial calm." *S. v. Carter,* 233 N.C. 581, 65 S.E. 2d 9.

The defendants noted thirteen exceptions to the charge, ten to instructions on the law and three to statements of contentions on the facts. All of the instructions on the law are substantially correct, except that defin-

ing the term "serious injury," which is inaccurate.  Despite its inaccuracy, we are constrained to hold on the present record that this particular instruction occasioned no prejudice to the defendants.  The exceptions to the statements of the contentions present nothing for review because the defendants did not call the supposed misstatements to the attention of the judge at the time they were made, and afford him an opportunity to correct them before the case was given to the jury.  *S. v. Lambe,* 232 N.C. 570, 61 S.E. 2d 608.

The proceedings in the Superior Court will be upheld, for there is in law

No error.