Error.

---

STATE OF NORTH CAROLINA v. DANIEL WEBSTER BULLARD.

(Filed 20 January, 1961.)

**1. Criminal Law § 96—**

One defendant may not object to the action of the solicitor in taking a *nolle prosequi* in open court against other defendants charged with like offenses, and thereafter examining such other defendants as witnesses.

**2. Assault and Battery § 15—**

In a prosecution for assault with a deadly weapon with intent to kill, it is error for the court to instruct the jury that if they found beyond a reasonable doubt that defendant committed the assault under circumstances tending to show that he did it with intent to kill, defendant should be found guilty.

APPEAL by defendant from *Carr, J.,* June 1960 Regular Criminal Term, of ROBESON.

Criminal prosecution on an indictment charging the defendant with assaulting Floyd Oxendine with a deadly weapon, to wit, a pistol, with intent to kill, thereby inflicting on him serious injury not resulting in death, contrary to G.S. 14-32.

Plea: Not Guilty.

Verdict: Guilty of assault with a deadly weapon with intent to kill, inflicting serious bodily injuries not resulting in death.

From a judgment of imprisonment, defendant appeals.

*T. W. Bruton, Attorney General, and Ralph Moody, Assistant Attorney General, for the State.*

*Britt, Campbell & Britt for defendant, appellant.*

PER CURIAM: The State's evidence was amply sufficient to carry the case to the jury on the felony charge in the indictment. Defendant in his brief abandons his assignments of error to the court's denial of his motions for a directed verdict of not guilty on the felony charge in the indictment.

There was an indictment charging one Martha Covington with an assault with a deadly weapon, to wit, a pistol, on Daniel Webster Bullard, the defendant here. There was a separate indictment charging Floyd Oxendine with an assault with a deadly weapon, to wit, a pistol, on Daniel Webster Bullard, the defendant here. The solicitor for the State called Martha Covington to the stand, in open court took a *nolle prosequi* in the case against her, and examined her as a witness against the defendant. To the taking of the *nolle prosequi* defendant excepted, and assigns this as error. The solicitor did exactly the same thing in the case against Floyd Oxendine. To the taking of the *nolle prosequi* in Floyd Oxendine's case defendant excepts, and assigns this as error. Martha Covington and Floyd Oxendine acquiesced in the action of the solicitor. These assignments of error are overruled on authority of *S. v. Ammons,* 204 N.C. 753, 169 S.E. 631.

The court charged the jury as follows:

> "If the State has satisfied you from this evidence beyond a reasonable doubt that the defendant did make an assault upon the prosecuting witness, Oxendine, with a deadly weapon, and has satisfied you beyond a reasonable doubt that he did it with intent to kill, (that is to say, has satisfied you beyond a reasonable doubt that he did it under circumstances tending to show

he did it with intent to kill) and defendant has failed to satisfy you from the evidence that he was so drunk he didn't have mind enough to form intent to kill, and the State has further satisfied you beyond a reasonable doubt that such assault resulted in serious injury to Oxendine, within the meaning of that term as it has been defined to you by the court, it would be your duty to return a verdict of guilty of assault with a deadly weapon with intent to kill, as charged in the bill."

Defendant assigns as error the part of the charge in parentheses.

The exception is well taken. The murderous intent was a matter for the State to prove, *S. v. Gibson,* 196 N.C. 393, 145 S.E. 772, and to prove beyond a reasonable doubt, *S. v. Revels,* 227 N.C. 34, 40 S.E. 2d 474. The court committed prejudicial error, when it charged in effect that the State had carried this burden if it had satisfied the jury "beyond a reasonable doubt that he (the defendant) did it under circumstances tending to show he did it with intent to kill."

New trial.