STATE OF NORTH CAROLINA v. JAMES RICHARD HERRING, JR.

No. 805SC551

(Filed 6 January 1981)

**1. Assault and Battery § 14.3— assault with deadly weapon with intent to kill inflicting serious injury — sufficiency of evidence of intent to kill**
   The trial court properly denied defendant's motion to dismiss the charge of assault with a deadly weapon with intent to kill inflicting serious injury made on the ground that there was insufficient evidence of an intent to kill, since the evidence tended to show that defendant hit the victim in the face when she refused to have sexual intercourse with him, took her by the arms, and dragged her out of his truck; he subsequently hit her on the face and head with a tire tool several times; he picked her up and put her in the back of his truck, pulled her out and hit and kicked her several more times; while the victim was on the ground, defendant tore off all her clothes except a little piece of her blouse which was left hanging around her neck; and defendant placed the victim under a bush and left.

**2. Rape § 18.2— assault with intent to commit rape — sufficiency of evidence**
   The trial court properly denied defendant's motion to dismiss the charge of assault with intent to commit rape made on the grounds that there was insufficient evidence for the jury to find that defendant intended to gratify his passion in all events whatever resistance the victim might make, since evidence of defendant's statement to the victim concerning his desire to have intercourse combined with his actions in removing her clothes and beating her when she refused was evidence from which the jury could find the requisite intent.

**3. Rape § 18.2— assault with intent to rape — evidence of victim's prior beatings by husband excluded**
   In a prosecution for assault with intent to commit rape where defendant

testified that the victim's husband had beaten her on earlier occasions, the trial court did not err in excluding testimony by a witness who had lived close to the victim five or six years earlier that, nearly every time he saw her she had a black eye or other injury and on one occasion had told him that her husband had stabbed her, since the testimony was offered to prove something that had happened several years prior to the time of the alleged incident and was collateral to the inquiry at the trial.

**4. Assault and Battery § 5.3; Rape § 17— assault with deadly weapon with intent to kill inflicting serious injury — assault with intent to commit rape — no double jeopardy**

Conviction and sentence of defendant for assault with a deadly weapon with intent to kill inflicting serious injury and assault with intent to commit rape did not subject him to double jeopardy, since the elements for the two crimes are not the same.

APPEAL by defendant from *Llewellyn, Judge.* Judgment entered 10 January 1980 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 16 October 1980.

Defendant was tried for assault with a deadly weapon with intent to kill, inflicting serious injuries, and for assault with intent to commit rape. Evidence by the State tended to show: On 18 July 1979, defendant drank beer with Horace and Martha Platt in their home for approximately three hours. Between 7:00 and 7:30 p.m., the defendant asked the Platts if they would like to ride to Wilmington with him. Martha Platt accepted the invitation, and the defendant and she drove to a place called "Spider Web." From there, the two and another woman drove to the "Corner Bar." The defendant and Martha Platt left the "Corner Bar" alone and defendant drove to a graveyard off Highway 421. Once there, the defendant got out of the truck, walked to the door beside Mrs. Platt and asked her "if [she] wanted to screw and he asked if [she] wanted to suck him." When she said no, the defendant hit her in the face, took her by her arms and dragged her out of the truck. He subsequently hit her on the face and head with a tire tool several times; picked her up and threw her in the back of the pick-up truck; pulled her back out and hit and kicked her several more times. While Mrs. Platt was on the ground, he tore off all her clothes except a little piece of her blouse which was left hanging around her neck. Defendant placed Mrs. Platt under a bush and left. She was found approximately 24 hours later and taken by ambulance to a hospital. She remained at the hospital for six weeks, three of which were spent in the intensive care unit. She lost her vision in one eye, and had a series of operations as a result of her injuries.

Defendant testified that he had left Mrs. Platt at the "Corner

Bar" and that Mrs. Platt had come to him on previous occasions saying that her husband had beaten her.

Defendant was found guilty as charged. From sentences imposed on both charges, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General James E. Magner, Jr., for the State.*

*Ray H. Walton and William F. Fairley for defendant appellant.*

WEBB, Judge.

[1]   The defendant's first assignment of error is to the overruling of his motion to dismiss the charge of assault with a deadly weapon with intent to kill inflicting serious injury. The defendant contends there was not sufficient evidence of an intent to kill to be submitted to the jury. In *State v. Cauley,* 244 N.C. 701, 94 S.E. 2d 915 (1956), it was held that the jury could infer from a particularly vicious assault with a belt by an adult male on a three-year-old child that the defendant intended to kill the child. The Court, quoting *State v. Revels,* 227 N.C. 34, 40 S.E. 2d 474 (1946), said an intent to kill "may be inferred from the nature of the assault, the manner in which it was made, the conduct of the parties, and other relevant circumstances." We hold that under *Cauley,* the court in the case sub judice properly denied the defendant's motion to dismiss the charge of assault with a deadly weapon with intent to kill inflicting serious injury.

Defendant also argues the conviction must be reversed under *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979). In that case the United States Supreme Court held that a federal court in reviewing a conviction in a state court would set aside the conviction if it was found that a rational trier of fact could not find the defendant guilty beyond a reasonable doubt from the evidence. We hold a rational trier of fact could find beyond a reasonable doubt the defendant guilty of assault with a deadly weapon with intent to kill resulting in serious injury in the case sub judice.

[2]   Defendant next contends it was error not to dismiss the charge of assault with intent to commit rape because there was not sufficient evidence for the jury to find the defendant intended to gratify his passion in all events whatever resistance Mrs. Platt might make. We hold that the evidence of defendant's statement to Mrs. Platt concerning his desire to have intercourse combined with his actions in remov-

State v. Herring

ing her clothes and beating her when she refused is evidence from which the jury could find the requisite intent. It was only necessary for the defendant to have formed the intent. He did not have to retain it throughout the assault. *See State v. Hudson,* 280 N.C. 74, 185 S.E. 2d 189 (1971) and *State v. Norman,* 14 N.C. App. 394, 188 S.E. 2d 667 (1972).

**[3]** The defendant next contends that the exclusion of certain testimony was error. On cross-examination, Mrs. Platt testified as follows:

"It is not a fact that I have been severely beaten by Mr. Platt on numerous occasions. I have been beaten by Mr. Platt. I have had him locked up on one time . . . . I have not been beaten many more times than that. I was not severely beaten by Mr. Platt when we lived in Delco. Mr. Platt has never been convicted . . . of assaulting me."

The defendant testified that he had seen Mrs. Platt on several occasions when she had been beaten. The defendant called a Mr. Little as a witness who testified he lived close to the Platts in 1973 or 1974. The court excluded testimony by him that "[a]bout every time I seen her she had a black eye or something — a cut lip" and on one occasion she had told him her husband had stabbed her. The defendant contends it was error to exclude this testimony. He contends this proferred testimony would have corroborated the defendant's testimony and should have been admitted. He contends further that if it was not admitted to corroborate the defendant, it should have been admitted to impeach Mrs. Platt.

We hold it was not error to exclude the testimony of Mr. Little. It was offered to prove something that had happened several years prior to the time of the alleged incident and was collateral to the inquiry at the trial. Mrs. Platt's own testimony corroborated the testimony of the defendant that her husband had beaten her on previous occasions. We hold that Mr. Little's testimony was so remote that it was not error to exclude it.

**[4]** The defendant's last assignment of error is to the trial and sentencing on the two charges of assault with a deadly weapon with intent to kill inflicting serious injury and assault with intent to commit rape. Defendant contends conviction and sentences on both charges subjected the defendant to double jeopardy. The elements for

the two crimes are not the same. Although both charges grew from the same incident, it was not error to convict the defendant for both of them. *See State v. Richardson,* 279 N.C. 621, 185 S.E. 2d 102 (1971).

No error.

Judges CLARK and WHICHARD concur.