State v. Gilliam

STATE OF NORTH CAROLINA v. BARRY D. GILLIAM AND MILTON LOCKLEAR

No. 8112SC431

(Filed 17 November 1981)

**1. Criminal Law § 89.5— corroborative evidence—admission proper**

The trial court did not commit reversible error when it admitted testimony by an officer which substantially corroborated the testimony of one of the State's witnesses. A slight variation in testimony concerning the amount of time it took the witness to pick out the photographs did not render the testimony of the officer inadmissible.

**2. Robbery § 4.5— armed robbery—sufficiency of evidence**

The evidence was sufficient to take the issue of defendant's guilt of armed robbery to the jury where the evidence tended to show that defendant was present in a store at the time of the robbery, that he counseled codefendant in the robbery, and that he and codefendant fled the scene together with defendant driving the car used in the getaway.

**3. Criminal Law § 113.7— instruction on acting in concert—no error**

The evidence was sufficient to support a charge on acting in concert where the evidence tended to show defendant was the driver of the automobile used in the robbery, that he parked it across from the store robbed, that he entered the store with a codefendant who was carrying a gun and who actually robbed the attendant, that while in the store he repeatedly told the attendant to move it and to hurry up, and that he and codefendant fled the store together.

APPEALS by defendants from *Herring, Judge.* Judgments entered 17 December 1980 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 14 October 1981.

Defendants appeal their convictions of armed robbery. At trial, the State called Nellene Cole, the store clerk who was on duty when the defendants allegedly robbed the Cottonade 7-Eleven. She testified that she identified the defendants upon being shown several photographs by the Cumberland County Sheriff's Department. She also identified the defendants in open court as being her assailants. The State also offered testimony by a police officer which corroborated the testimony of Mrs. Cole regarding the photographic identification. The defendants offered no evidence. Both defendants appeal on different grounds.

*Attorney General Edmisten, by Assistant Attorney General David Roy Blackwell, for the State.*

*Cooper, Davis & Eaglin, by James M. Cooper, for defendant-appellant Gilliam.*

*Downing, David, Vallery, Maxwell & Hudson, by Edward J. David, for defendant-appellant Locklear.*

BECTON, Judge.

BARRY GILLIAM'S APPEAL

[1] Defendant Gilliam argues that the trial court committed reversible error when it admitted testimony by Officer Burgess of the Cumberland County Sheriff's Department which, he contends, tended to clarify statements made by Nellene Cole, the prosecuting witness.

Our courts have been most liberal in allowing testimony to corroborate a witness. Our Supreme Court, in *State v. Rogers,* 299 N.C. 597, 601, 264 S.E. 2d 89 (1980), summarized the law of corroborative testimony thusly:

> Corroborative testimony is testimony which tends to strengthen, confirm, or make more certain the testimony of another witness. Where testimony which is offered to corroborate the testimony of another witness does so substantially, it is not rendered incompetent by the fact that there is some variation. It is the responsibility of the jury to decide if the proffered testimony does, in fact, corroborate the testimony of another witness. [Citations omitted.]

The testimony of Officer Burgess, while containing some slight variations, substantially corroborated the testimony of Mrs. Cole. Mrs. Cole testified that she identified photographs of Billy Ray Locklear and Milton Locklear from the first set of composites offered by Officer Burgess and that she later identified Gilliam's photograph when she was shown the second set of composites. She further testified that she identified Gilliam's photograph within two minutes of being shown it, and that it took her one minute to pick out Milton Locklear's photograph and two minutes to pick out Billy Ray Locklear's photograph. She testified that Billy Ray Locklear was not one of the robbers but that she iden-

tified him because he had been in the store earlier that day. Further, she asserted repeatedly that Gilliam was present and had committed most of the acts constituting the robbery.

Officer Burgess testified that Mrs. Cole identified the pictures of the defendants and Billy Ray Locklear after he showed her some composites. He testified that it took Mrs. Cole one minute and forty-five seconds to identify Gilliam's photograph and that she identified Billy Ray Locklear's photograph within fifteen seconds. He, too, testified that she explained that she identified Billy Locklear because he had been in the store earlier. This slight variation in the amount of time it took Mrs. Cole to pick out the photographs does not render the testimony of Officer Burgess inadmissible. Further, since Officer Burgess was present, he could testify as to what he saw or observed. Any discrepancies in the testimony of the two witnesses went to the weight of the evidence, not to its admissibility. *See State v. Rogers.* Consequently, defendant Gilliam's assignment of error is overruled.

MILTON LOCKLEAR'S APPEAL

Milton Locklear argues (1) that the trial court committed prejudicial error in denying his motion to dismiss at the close of the State's evidence and at the close of all of the evidence; (2) that the trial court erred in instructing the jury on acting in concert; and (3) that the trial court erred in not instructing the jury on common law robbery.

[2] Locklear's first argument is without merit. In determining if a motion to dismiss at the close of the State's evidence is to be granted, the trial court is required "to consider the evidence in its light most favorable to the State, take it as true, and give the State the benefit of every reasonable inference to be drawn therefrom." *State v. Goines,* 273 N.C. 509, 513, 160 S.E. 2d 469, 472 (1968). The evidence, taken in the light most favorable to the State tends to show that Milton Locklear was present in the store at the time of the robbery, that he counseled Gilliam in the robbery, and that he and Gilliam fled the scene together. Further, Milton Locklear was the driver of the car used in the getaway, and while in the store, he repeatedly told Mrs. Cole to move it and to hurry up. This evidence is sufficient to take the issue of Locklear's guilt to the jury. Consequently, the trial court properly

denied the defendant's motion to dismiss at the end of the State's evidence.

Locklear also contends on this appeal that the trial court erred by denying his motion to dismiss at the end of all of the evidence. In considering a motion to dismiss made at the close of all the evidence the trial court's *sole* function is to determine "whether a reasonable inference of the defendant's guilt of the crime charged *may* be drawn from the evidence." *State v. Smith*, 40 N.C. App. 72, 78-79, 252 S.E. 2d 535, 540 (1979). There is substantial evidence in the record which puts Locklear at the scene of the crime and which details his involvement in the crime. We believe the trial court was correct in submitting the case to the jury.

[3] Locklear next contends that the trial court erred in instructing the jury on "acting in concert." We disagree.

It is not . . . necessary for a defendant to do any particular act constituting at least part of a crime in order to be convicted of that crime under the concerted action principle so long as he is present at the scene of the crime and the evidence is sufficient to show he is acting together with another who does the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime.

*State v. Joyner*, 297 N.C. 349, 357, 255 S.E. 2d 390, 395 (1979).

The defendant is correct that mere presence at the scene of a crime is not enough to convict an accused. *State v. Aycoth*, 272 N.C. 48, 157 S.E. 2d 655 (1967); *State v. Birchfield*, 235 N.C. 410, 70 S.E. 2d 5 (1952). However, one who is present but

who does not actually participate in the commission of a crime [is guilty of that crime if there is] some evidence tending to show that he, by word or deed, gave active encouragement to the perpetrator of the crime or by his conduct made it known to such perpetrator that he was standing by to lend assistance when and if it should become necessary.

272 N.C. at 51, 157 S.E. 2d at 657 *quoting State v. Ham*, 238 N.C. 94, 97, 76 S.E. 2d 346, 349 (1953).

The evidence offered at trial tends to show that Locklear was the driver of the automobile and that he parked it across

from the 7-Eleven Store; that he entered the store with Gilliam who was carrying a shotgun and who actually robbed Mrs. Cole; that while in the store he repeatedly told Mrs. Cole to move it and to hurry up; that he and Gilliam fled the store together; and that he drove away from the scene at a fast speed. Although Locklear may not have actually robbed Mrs. Cole, we think the evidence shows that he was acting in concert with Gilliam. This assignment is, therefore, overruled.

Locklear's next and final argument is that the court failed to instruct on the lesser offense of common law robbery. This argument is also without merit. The trial court is required to instruct the jury on lesser included offenses when the evidence sustains such a charge or when there is a genuine conflict in the evidence. *State v. Riera*, 276 N.C. 361, 172 S.E. 2d 535 (1970). However, when there is no evidence to support the lesser offense charge, the trial court is under no duty to so instruct the jury. The defendant was charged with armed robbery. All of the evidence tendered clearly establishes each and every element of armed robbery. The court properly instructed the jury on armed robbery under the acting in concert theory only.

For the foregoing reasons, we find

No error.

Chief Judge MORRIS and Judge ARNOLD concur.