An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-645

Filed 17 September 2025

Stanly County, Nos. 18CRS051077, 23CRS000225

STATE OF NORTH CAROLINA

v.

ATORA DIJIANA DUMAS, Defendant.

Appeal by defendant from judgment entered 25 January 2024 by Judge Claire V. Hill in Stanly County Superior Court. Heard in the Court of Appeals 11 February 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Rory Agan, for the State-appellee.*

> *Law Office of Martin E. Moore, PLLC, by Martin Moore, for defendant-appellant.*

GORE, Judge.

Defendant, Atora Dijiana Dumas, challenges her convictions for assault with a deadly weapon with intent to kill inflicting serious injury and attempted robbery with a dangerous weapon. She asserts the trial court erred by denying her motion to dismiss due to insufficient evidence of intent to kill and by failing to instruct the jury

on the lesser-included offense of assault with a deadly weapon inflicting serious injury. Upon review, we discern no error.

**I.**

On 31 May 2018, Anthony Scott met defendant in Albemarle, North Carolina, and later went to meet her at a mutual acquaintance's home. Upon his arrival, a masked gunman approached, demanded money, and struck Scott with a firearm. As Scott attempted to flee, defendant directed the gunman, "don't let him get away, shoot him," resulting in a gunshot wound to Scott's leg that required hospitalization for three days. Defendant and the gunman fled when neighbors intervened.

At trial, defendant faced charges of assault with a deadly weapon with intent to kill inflicting serious injury and attempted robbery with a dangerous weapon. The jury convicted her on both charges, and the trial court sentenced her to 100 to 132 months in prison. Defendant timely appealed, arguing the trial court erred in denying her motion to dismiss for insufficient evidence of intent to kill and in failing to instruct the jury on a lesser-included offense.

**II.**

The denial of a motion to dismiss based on insufficient evidence is reviewed de novo, requiring substantial evidence of each element of the offense when viewed in the light most favorable to the State. *State v. Biber*, 365 N.C. 162, 168 (2011); *State v. Bagley*, 183 N.C. App. 514, 523 (2007). For jury instruction issues not preserved at trial, plain error applies, and the defendant must demonstrate a fundamental error

that likely impacted the jury's verdict. *State v. Lawrence*, 365 N.C. 506, 518 (2012); *State v. Goforth*, 170 N.C. App. 584, 587 (2005).

**A.**

Intent to kill is typically proven through circumstantial evidence and reasonable inferences. *State v. Cauley*, 244 N.C. 701, 708 (1956). "Such intent may be inferred from the nature of the assault, the manner in which it is made, the conduct of the parties, and other relevant circumstances." *State v. Revels*, 227 N.C. 34, 36 (1946). Here, the State presented substantial evidence, including defendant's directive to "shoot him" and the victim's severe injuries requiring hospitalization. These facts align with precedent holding that shooting a firearm at someone is sufficient to infer intent to kill. *State v. Cromartie*, 177 N.C. App. 73, 77 (2006).

Viewing the evidence in the light most favorable to the State, the trial court properly denied the motion to dismiss. The directive to fire a gun at a fleeing victim demonstrates a willingness to cause potentially lethal harm. *See State v. Grigsby*, 351 N.C. 454, 457 (2000) (noting that an assailant is presumed to intend the natural consequences of their deliberate actions).

**B.**

A lesser-included offense instruction is unwarranted when evidence fully supports the charged offense without conflicting evidence. *State v. Millsaps*, 356 N.C. 556, 562 (2002). Here, defendant's explicit instructions to "shoot him" and the victim's severe injuries unequivocally demonstrated intent to kill, leaving no rational

basis for a lesser verdict. *See State v. Riley*, 159 N.C. App. 546, 554 (2003) (holding that an instruction on a lesser-included offense was unnecessary where the evidence established intent to kill). These facts do not support an inference of lesser culpability. Under plain error review, defendant has not shown that the lack of a lesser-included instruction affected the outcome of the trial. *Lawrence*, 365 N.C. at 518.

## III.

Upon review, we discern no error in the trial court's denial of the motion to dismiss or its decision not to instruct the jury on a lesser-included offense. The State introduced substantial evidence supporting the charged offenses, and defendant has not demonstrated any fundamental error in the proceedings.

NO ERROR.

Judges WOOD and STADING concur.

Report per Rule 30(e).