STATE OF NORTH CAROLINA v. MADAM (X), ALIAS DORIS JACKSON
No. 6815SC294

(Filed 16 October 1968)

**Criminal Law § 113— instructions — application of law to evidence**

Where the State offers evidence tending to show that the defendant aided and abetted someone else in the commission of a crime, it is incumbent upon the trial judge to explain the principles of aiding and abetting which apply to the particular evidence in the case.

APPEAL by defendant from *Bailey, J.,* 6 May 1968 Session, CHATHAM Superior Court.

Defendant was charged in a bill of indictment with the felony of robbery of $228.00 from Miller-Hammer, Inc.

The State's evidence tended to show that defendant, along with two male companions (who have not been identified), entered the store of Miller-Hammer, Inc., in Siler City, North Carolina, between 4:30 and 5:00 p.m. on 15 March 1968. At that time Mr. Donald Hammer, an officer of the corporation, was alone in the store. That before entering the defendant and her two male companions walked by the front of the store twice looking in the window. After entering, the defendant and one male companion walked to a show window which was out of sight of the cash register, and called Mr. Hammer over to inquire about a television and stereo set. While in this position, Mr. Hammer heard the cash register ring, and saw the second male companion running from the area of the cash register. Mr. Hammer pursued but was unable to catch him. While Mr. Hammer was pursuing the man who ran from the cash register area, the defendant and the other man left the store in the opposite direction. Mr. Hammer chased this pair and was able to catch the defendant. The sum of $228.00 was missing from the cash register. Defendant refused to give her name, or the name of either male companion.

The defendant offered no evidence. From a verdict of guilty and judgment entered thereon, defendant appealed.

*T. W. Bruton, Attorney General, by Harry W. McGalliard and James F. Bullock, Deputies Attorney General, for the State.*

*Pittman, Staton and Betts, by William W. Staton, for the defendant.*

BROCK, J.

The defendant assigns as error the failure of the trial judge to define "aider and abettor" in his charge to the jury.

The only instruction upon the law applicable to aiding and abetting in the commission of a crime was as follows:

"Now, ladies and gentlemen of the jury, it is the law that where a crime is committed by one person, aided and abetted by another who is present at the time of the commission of the crime, then the second person, the aider and abettor, is as guilty of the crime as the principal; that's the theory upon which the State relies in this case."

The principles applicable to aiding and abetting are not self-evident to the extent that a jury needs no clarification of them. Where the State proceeds on the theory of aiding and abetting, and offers evidence tending to show that a defendant aided and abetted someone else in the commission of a crime, it is incumbent upon the trial judge to explain the principles of aiding and abetting which apply to the particular evidence in the case. *State v. Hart,* 186 N.C. 582, 120 S.E. 345. See also *State v. Keller,* 268 N.C. 522, 151 S.E. 2d 56; and *State v. Bruton,* 264 N.C. 488, 142 S.E. 2d 169.

Here the trial judge stated an abstract principle of law and left it for the jury to determine under what circumstances the defendant could be found guilty of aiding and abetting. Apparently it was an oversight on the judge's part; however, it was error prejudicial to the defendant.

New trial.

BRITT and PARKER, JJ., concur.