STATE OF NORTH CAROLINA v. A. B. MORRISON

No. 7326SC751

(Filed 14 November 1973)

1. **Criminal Law §§ 91, 175— motion for continuance — question of law — review on appeal**
    Where the dual grounds stated as the basis for defendant's motion for continuance involved the right to the assistance of counsel and the right to face his accusers with other testimony, constitutional rights were involved, and the question presented was one of law and not of discretion; therefore, the trial court's ruling was reviewable on appeal.

2. **Criminal Law § 91— motion for continuance — denial proper**
    The trial court properly denied defendant's motion to continue in order to obtain the presence of his Tennessee attorney and two Tennessee witnesses at his trial where the court found that defendant was represented by N. C. counsel, that the Tennessee attorney had been employed as additional counsel by defendant after his first trial

ended in a mistrial, that the court had issued a certificate to require attendance of the Tennessee witnesses, and that no affidavit had been filed to show the materiality of the testimony of the witnesses.

**3. Criminal Law § 43— photographs of murder victim — admissibility**

The trial court in a murder prosecution did not err in permitting introduction into evidence of three color photographs of deceased's body where those photographs were used to illustrate the testimony of the State's witnesses and served to make that testimony more intelligible to the jury.

**4. Homicide § 30— second degree murder — failure to submit manslaughter issue — no error**

Where the State's evidence, if believed, tended to show that defendant shot deceased four times at close range a few hours after the two had quarreled over a poker game, but defendant's evidence, if believed, tended to show that defendant did not shoot deceased and that they had parted company on amicable terms at some distance away from the place the State's evidence indicated the shooting occurred, the trial court did not err in submitting the issue of defendant's guilt of second degree murder to the jury and in failing to submit the issue of defendant's guilt of manslaughter.

APPEAL by defendant from *Snepp, Judge,* 16 April 1973 Schedule "C" Criminal Session of Superior Court held in MECKLENBURG County.

This is an appeal from judgment imposing a prison sentence after jury verdict finding defendant guilty of second-degree murder.

*Attorney General Robert Morgan by Associate Attorney Archie W. Anders for the State.*

*Robert F. Rush for defendant appellant.*

PARKER, Judge.

**[1, 2]** Appellant first assigns error to denial of his motion for a continuance made on the ground that his Tennessee attorney was committed to appear in the Tennessee Court of Appeals on the date upon which trial of this case was scheduled to begin and on the further ground that two defense witnesses from Tennessee had declined to appear voluntarily and defendant's Tennessee attorney had been unable to process subpoenas to require their attendance by the time of the trial. "A motion for continuance is ordinarily addressed to the discretion of the trial judge and his ruling thereon is not subject to review absent abuse of discretion. *State v. Stinson,* 267 N.C. 661, 148

S.E. 2d 593 (1966). However, when the motion is based on a right guaranteed by the Federal and State Constitutions, the question presented is one of law and not of discretion, and the decision of the court below is reviewable." *State v. Cradle*, 281 N.C. 198, 188 S.E. 2d 296. The dual grounds stated as the basis for defendant's motion for continuance in the present case involve the right to assistance of counsel and the right to face one's accusers with other testimony, rights guaranteed by the Sixth Amendment. Thus, the trial court's ruling in this case is reviewable. In denying the motion the court made findings of fact from the record, including findings that defendant was still being represented by the same North Carolina attorney who represented him at a first trial of this case which had resulted in a mistrial when the jury could not agree, that the Tennessee attorney had been employed by defendant as additional counsel after the first trial, that eleven days prior to the date on which this trial was scheduled to commence the court on motion of defendant had issued a certificate to require attendance of the two Tennessee witnesses, and that no affidavit had been filed to show the materiality of the testimony of these witnesses. Based on these findings the trial court properly concluded that defendant was not entitled to a continuance as a matter of law. The court also considered the motion in its discretion and denied the continuance; in so doing no abuse of discretion has been shown. We note that throughout the trial of this case defendant continued to be represented by the same able and experienced North Carolina lawyer who had represented him at the prior trial, that one of the two Tennessee witnesses did in fact appear and testify for the defense but the testimony of this witness proved to be irrelevant, and that nothing in the record indicates what the testimony of the absent witness would be or suggests that his testimony might have proved helpful to the defense. We find that defendant suffered no deprivation of any constitutional or legal right in denial of his motion for continuance, and his first assignment of error is overruled.

[3] The defendant next contends error in the trial court's action permitting introduction into evidence of three color photographs of the deceased's body. One of these showed the body lying at the place and in the condition it was found on the morning after the killing and was admitted to illustrate the testimony of the State's witness who discovered it and the testimony of the County Medical Examiner who examined it at the

scene. The other two were photographs admitted to illustrate the Medical Examiner's testimony as to bullet wounds in various portions of the deceased's body. Defendant does not contend that the photographs are inaccurate or were not properly taken or authenticated. His contention is that, there being no dispute as to the cause of death, permitting their introduction in evidence served no useful purpose and could only inflame the jury. We do not agree. "Ordinarily, a witness may use photographs to explain or illustrate anything which it is competent for him to describe in words [citations omitted], and if a photograph is relevant and material, the fact that it is gory or gruesome will not alone render it inadmissible." State v. Chance, 279 N.C. 643, 654, 185 S.E. 2d 227, 234. In the present case the photographs were used to illustrate the testimony of the State's witnesses and served to make that testimony more intelligible to the jury. The trial judge instructed the jury that the photographs were for the purpose of illustration and were not substantive evidence. We find that they were relevant and served a proper purpose. No error was committed in permitting the jury to see them.

[4] Finally, defendant contends that the trial court erred in submitting this case to the jury on the single issue of defendant's guilt or innocence of the crime of second-degree murder and in failing to instruct the jury that they should also consider the additional issue of defendant's guilt or innocence of the crime of manslaughter. The uncontradicted evidence showed that the victim of the crime was shot four times at close range and that his death resulted from one or more of the wounds thus inflicted. The State's evidence, if believed by the jury, would establish that defendant was the person who shot him and that this occurred a few hours after the two men had quarreled over a poker game. Defendant's evidence, if believed by the jury, would establish that defendant did not shoot the deceased and that on the contrary they had parted company on amicable terms while the victim was still alive and well and at some distance away from the place the State's evidence indicated the shooting occurred. Under neither view was the crime of manslaughter involved. "The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed." State v. Hicks, 241 N.C. 156, 84 S.E. 2d 545. There

being no such evidence in the present case, the trial court did not err in refusing to instruct the jury as to manslaughter.

In the trial and judgment appealed from we find

No error.

Chief Judge BROCK and Judge VAUGHN concur.