STATE OF NORTH CAROLINA v. LARRY VAMPLE AND JAMES CROSBY, JR.

No. 7318SC792

(Filed 16 January 1974)

**1. Criminal Law § 168— charge considered as a whole**

If the trial court's charge considered as a whole presents the law fairly and clearly, there is no ground for reversal, even though some of the expressions, standing alone, may be regarded as erroneous.

**2. Criminal Law § 161— assignments of error abandoned**

Assignments of error are deemed abandoned since no exceptions supporting them are brought forward in defendants' brief and no argument or authority is stated in support of them. Rule 28, Rules of Practice in the Court of Appeals.

**3. Robbery § 4— common law robbery — sufficiency of evidence**

In a common law robbery prosecution testimony by the victim that he was beaten and robbed and testimony by an accomplice that a codefendant held the victim while he, the defendant and others hit the victim, and that the codefendant took the victim's pocketbook was sufficient to require submission of the case to the jury.

**4. Robbery § 5; Criminal Law § 9— common law robbery — aiding and abetting — instruction required**

Where the evidence in a common law robbery case was susceptible to the inference that defendant was present and encouraged the robbery or that he was present but silent or that he was not present, the trial court's instruction on aiding and abetting was insufficient where it stated only that "a person who aids and abets another to commit a crime is guilty of that crime . . . . [I]f he aids and abets, whether he actually participates in it, real actively involved, . . . he would be just as guilty as those that actually struck the blows or grabbed

the pocketbook . . . . If he is along and aids and abets, he would be just as guilty."

APPEAL from *Crissman, Judge,* 28 May 1973 Regular Criminal Session of GUILFORD County Superior Court, Greensboro Division.

Defendants were charged in a valid bill of indictment with the common law robbery of Jack Norman Glass. Defendants, through counsel, pled not guilty.

Jack Norman Glass testified that a group of six or seven boys accosted him on the sidewalk in front of a laundromat and refused to allow him to pass. When he refused to give them money they had asked for, the group took him behind the laundromat, struck him with their fists, broke his glasses, and took his wallet. He was unable to identify any of his assailants in court.

Charles Parker testified that he was one of the group of boys who accosted Glass in front of a laundromat. He testified that he and defendant Vample were the first of the group to assault Glass. After they took him around behind the building, defendant Crosby came and stood around while they beat him. Parker and Vample thereupon took the wallet from Glass with Crosby still "standing around there." Parker did not see Crosby strike Glass, nor did he see Crosby receive a share of the money taken from Glass's person.

Detective Brady of the Greensboro Police Department read into evidence a statement given by Charles Parker before trial which was substantially identical to his testimony except that in the statement he stated defendant Crosby hit Glass twice in the eye and took the credit card from his billfold.

At the close of State's evidence, motion for ·nonsuit was denied as to both defendants.

Defendants presented evidence that tended to establish the following:

Irvin Holt saw Vample walking away from a crowd of boys in front of the laundromat immediately before he saw Glass approach. He saw the· bunch of boys assault Glass and take him behind the laundromat. After they had left Glass, Holt and another boy went to help him. He further testified that he

saw neither Vample nor Crosby when the assault and robbery took place.

Defendant Crosby took the stand on his own behalf. On the day of the robbery, he saw defendant Vample at the Florida Street Shopping Center, and they drank some wine and beer together at the shopping center. After he finished drinking and left the shopping center, he walked toward the laundromat; and as he passed, he obsesrved 10 to 15 people behind the laundromat. As he approached, the crowd left the rear of the laundromat. Later that day, he saw many of this group at the recreation center, but at no time did he go behind the laundromat with them, nor did he see defendant Vample with them.

At the close of all the evidence, motion for nonsuit was renewed and again denied as to both defendants.

From judgments committing them each to active sentences of four to six years, defendants appeal.

*Attorney General Morgan, by Assistant Attorney General Eagles, for the State.*

*Assistant Public Defender Vaiden P. Kendrick for defendant appellants.*

MORRIS, Judge.

[1]  Defendants' assignments of error Nos. 4, 6, 7, 8, 9, 10, 11 and 12 are all directed to the instructions of the court to the jury. We agree with defendants that in some instances the charge could have been more clearly stated. Nevertheless, we are of the opinion that none of the errors assigned by these assignments of error constitute error sufficiently prejudicial to warrant a new trial. If the charge, considered as a whole, presents the law fairly and clearly, there is no ground for reversal, even though some of the expressions, standing alone, may be regarded as erroneous. *State v. Humphrey,* 13 N.C. App. 138, 184 S.E. 2d 902 (1971).

[2]  Assignments of error Nos. 1, 3, 5, and 14 are deemed abandoned, since no exceptions supporting them are brought forward in defendants' brief and no argument or authority is stated in support of them. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

[3] Defendant Crosby by assignment of error No. 2 contends the court committed prejudicial error in denying his motion for judgment as of nonsuit. If the evidence, considered in the light most favorable to the State, giving the State the benefit of all reasonable inferences, and resolving all doubts in favor of the State tends to establish guilt, then the denial of the motion for nonsuit is proper. *State v. McNeil,* 280 N.C. 159, 185 S.E. 2d 156 (1971). The testimony of Glass that he was beaten and robbed and the testimony of Parker that Vample held Glass while he and the others, including Crosby, hit Glass, and that Vample took Glass's pocketbook is more than sufficient to take the case to the jury as to both defendants.

[4] The thirteenth assignment of error has merit and is sufficient to warrant a new trial for defendant Crosby. It is evidently the State's contention that defendant Vample participated directly in the beating and robbery of Glass, while defendant Crosby was standing by at least encouraging Vample and with knowledge of what was going on and ready to help Vample if need be. Crosby was, therefore, entitled to an instruction on the law of aiding and abetting.

The evidence concerning defendant Crosby in the case *sub judice* is susceptible to three inferences on the part of the jury. Crosby was either present and encouraging the robbery, present but silent, or he was not present. The only instructions given by the court concerning aiding and abetting were as follows:

> "A person who aids and abets another to commit a crime is guilty of that crime. Now, you must clearly understand that if he aids and abets, whether he actually participates in it, real actively involved, that he would be just as guilty as those that actually struck the blows or grabbed the pocketbook or did some of the other things. If he is along and aids and abets, he would be just as guilty."

However, mere presence at the scene of the crime is not sufficient to denominate an accused an aider and abettor. It is not sufficient that the accused is aware of the commission of a crime, makes no effort to prevent the crime, or silently acquiesces or intends to render aid if necessary. He must give active encouragement to the perpetrator by word or deed or make known his intention to render aid if necessary. *State v. Dawson,* 281 N.C. 645, 190 S.E. 2d 196 (1972); *State v. Aycoth,* 272 N.C. 48, 157 S.E. 2d 655 (1967).

When the State presents evidence tending to show defendant might have aided and abetted, it is incumbent upon the trial court to explain the principles of aiding and abetting which apply to the particular evidence in the case. *State v. Madam (X)*, 2 N.C. App. 615, 163 S.E. 2d 540 (1968). This charge is not sufficient as to aiding and abetting, and for that reason, defendant Crosby is entitled to a new trial.

As to defendant Vample—Affirmed.

As to defendant Crosby—New trial.

Chief Judge BROCK and Judge CARSON concur.