STATE OF NORTH CAROLINA v. RONNIE LEE SHUMATE

No. 7423SC207

(Filed 19 June 1974)

1. Assault and Battery § 14— firing into occupied dwelling — sufficiency of evidence

The State's evidence was sufficient for the jury in a prosecution for discharging a firearm into an occupied dwelling, although defendant presented evidence that he was firing at an owl and that no shots were fired in the direction of the house.

2. Criminal Law § 168— insufficiency of instructions — error cured by mandate

The jury could not have been misled by one portion of the charge which might have failed to make it perfectly clear that the jury must be satisfied beyond a reasonable doubt as to every element of the offense where the court in its final mandate stated the elements of the offense and the responsibility of the jury if they should have a reasonable doubt as to any one or more of the elements.

APPEAL from *Rousseau, Judge,* 6 August 1973 Session, WILKES County Superior Court. Argued in Court of Appeals 6 May 1974.

Defendant was charged with discharging a firearm into an occupied dwelling in contravention of G.S. 14-34.1. Defendant was convicted in the Superior Court and appeals, assigning as error the denial of his motion for nonsuit and portions of the court's instructions to the jury.

*Attorney General Morgan, by Assistant Attorney General Costen, for the State.*

*Porter, Conner and Winslow, by Kurt B. Conner, for defendant appellant.*

MORRIS, Judge.

[1] The evidence on the entire record, viewed in the light most favorable to the State, giving the State the benefit of all reasonable inferences, tends to establish the guilt of defendant, and is

State v. Shumate

therefore sufficient for submission to the jury. *State v. McNeil,* 280 N.C. 159, 185 S.E. 2d 156 (1971).

Roscoe Bobbitt testified that on 4 June 1973, he lived in a four-room "old boarded house" across the lane from Dennis Wyatt and down the road from defendant Ronnie Shumate. On that night, Bobbitt was in the house with his wife and three children. He testified that he saw Wyatt and Shumate standing in front of his house firing guns, and that several shots entered his house. He stated that he had known Wyatt and Shumate for about two and one half months prior to the incident and that he was able to see them clearly on the night in question. He testified that at least two shots made holes in the wall of the front room and lodged in a partition wall in the front room.

Mrs. Roscoe Bobbitt testified that on the night of the shooting she saw defendant Shumate fire shots, and she heard some shots hit the house although she did not know whether the shots entered the house.

Deputy Sheriff Roberts testified that he went to the Bobbitt house in response to a call for assistance from another officer. He was unable to find any holes in the house that evening, and when he returned the next morning he was likewise unable to find a hole that had been made by a bullet. They did not examine the interior of the house.

Defendant Shumate took the stand in his own behalf and testified that he and the Bobbitt family had had an argument on the date of the shooting. At 11:00 that evening, the time of the alleged offense, he and Wyatt were between the Wyatt house and the Bobbitt house. Both were armed, and they were looking for a screech owl that had been killing chickens. When they sighted the owl, they tried to shoot it while it was perched on top of a woodshed 75 feet from the Bobbitt house. The owl left the woodshed and flew to a light pole. They fired at the owl again. Defendant stated that the three shots fired at the owl were the only shots fired and that no shots were fired in the direction of the Bobbitt house.

Mrs. Dorothy Wyatt, mother of Dennis Wyatt and mother-in-law of defendant, stated that she saw her son and defendant shooting at a screech owl on the night in question and that only three shots were fired.

The evidence presented is clearly sufficient for submission to the jury. The testimony of the Bobbitts that defendant fired

shots into their house, if believed, is sufficient to convict defendant. Defendant's evidence that he was firing at a screech owl serves only to contradict State's evidence, and to put its credibility in issue. The motion for nonsuit was properly denied.

[2]    Defendant assigns error to the portion of the court's instruction to the jury with respect to the elements of the offense. While this instruction, standing alone, may not make it perfectly clear that the jury must be satisfied beyond a reasonable doubt as to every element of the offense, the court in its final mandate to the jury, so clearly stated the elements of the offense and the responsibility of the jurors if they should have a reasonable doubt as to any one or more of the elements that we cannot perceive that the jury could have been misled.          ,    · .·

If the charge of the court, considered as a whole, presents the law fairly and clearly, there is no ground for reversal even though some of the expressions standing alone may be erroneous. *State v. Vample,* 20 N.C. App. 518, 201 S.E. 2d 694 (1974). This assignment of error is overruled.

No error.

Judges CAMPBELL and VAUGHN concur.