STATE OF NORTH CAROLINA v. RONALD LEE MULL

No. 7429SC876

(Filed 5 February 1975)

1. **Homicide § 21— second degree murder — death by stabbing — sufficiency of evidence**

    Evidence was sufficient to be submitted to the jury in a second degree murder prosecution where it tended to show that defendant and

State v. Mull

deceased were imprisoned in the same prison unit, a prison guard saw them arguing, later the guard saw defendant approaching deceased who was lying on his bunk, the guard saw defendant make a striking lick toward deceased's body, the guard saw no knife or other weapon in defendant's hand, but a small knife was later discovered in a heater, and deceased died from a stab wound in the chest.

2. **Criminal Law § 168— erroneous instructions — no prejudicial error**

Though the trial court's statements that defendant struck deceased on his chest and that defendant and deceased had had trouble before down in the Shelby Prison Unit were unsupported by the evidence and were erroneous, such error was not prejudicial.

3. **Homicide § 30— second degree murder — failure to submit issue of manslaughter proper**

In a second degree murder prosecution where there was no evidence of just cause or reasonable provocation for the homicide, nor was there evidence of self-defense, unavoidable accident or misadventure, the trial court did not err in failing to instruct the jury on manslaughter as a lesser included offense, since defendant's self-serving declarations alone were not sufficient to rebut the presumption of malice arising on the evidence.

APPEAL by defendant from *Martin, Judge,* 17 June 1974 Session of Superior Court held in McDOWELL County. Heard in the Court of Appeals 15 January 1975.

Defendant was charged with first degree murder. The solicitor announced in open court that he would not place defendant on trial for murder in first degree but would place him on trial for murder in second degree or manslaughter as the evidence might warrant. Upon a plea of not guilty, the jury returned a verdict of guilty of second degree murder. From judgment sentencing him to be imprisoned for a term of not less than 22 years nor more than 24 years, the defendant appealed.

State's evidence tended to show that on 24 February 1974 defendant and Kenneth Keeter were imprisoned in a prison unit in McDowell County; that a prison guard saw them arguing in one of the prison dormitories and told them to break it up; that following the incident Keeter returned to his bunk and lay down; that a short time later, just as he was leaving the dormitory, the guard saw someone coming across the room toward Keeter; that the guard went back into the dormitory, saw that the person approaching Keeter was the defendant and saw defendant make "a striking lick toward Keeter's body"; that although the guard did not see a knife or other weapon in defendant's hand, he

observed blood on Keeter's undershirt when Keeter "raised up in his bed"; and that the rescue squad was called and Keeter was taken to the hospital. Other evidence introduced by the State tended to show that when Keeter reached the hospital he was pronounced dead and that an autopsy revealed that his death was caused by a stab wound which penetrated the heart and caused massive bleeding into the chest cavity. In a later search of the dormitory for weapons it was discovered that a small knife had been thrown into a heater.

Defendant testified that he did not kill Keeter; that he and Keeter "got along fine" and that he did "not have any reason to be mad or angry at Kenneth Keeter"; that he had never had the knife in his possession and that he was in another part of the dormitory talking with some other prisoners when Keeter was stabbed. Defendant's testimony was corroborated by the testimony of other inmates in the dormitory at the time of the stabbing.

Attorney General Edmisten, by Assistant Attorneys General Melvin and Ray, for the State.

Dameron & Burgin, by E. P. Dameron, for defendant appellant.

MORRIS, Judge.

Because defendant has failed to argue in his brief his first and fifth assignments of error, they are deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

Defendant's second assignment of error relates to the denial of his motions to nonsuit at the close of the State's evidence and at the close of all the evidence. "By introducing testimony at the trial, defendant waived his right to except on appeal to the denial of his motion for nonsuit at the close of the State's evidence. His later exception to the denial of his motion for nonsuit made at the close of *all* the evidence, however, draws into question the sufficiency of all the evidence to go to the jury. (Citations omitted.)" *State v. McWilliams,* 277 N.C. 680, 687, 178 S.E. 2d 476 (1971).

[1] It is well settled in this State that upon motion to nonsuit, the evidence must be considered in the light most favorable to the State, giving the State the benefit of every reasonable

inference to be drawn therefrom, and that nonsuit should be denied when there is sufficient evidence, direct, circumstantial or both, from which the jury could find that the offense charged has been committed and that defendant committed it. *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469 (1968). Here, evidence tendered by the State, and set forth above, did more than raise suspicions as to defendant's involvement and possible guilt. In our opinion, there was substantial evidence of each of the elements of the offense charged and defendant's guilt or innocence was a question for the jury. Defendant's motion to nonsuit was properly denied.

[2] In his third and fourth assignments of error, defendant contends that the trial court erred in summarizing the evidence in its charge to the jury. In one instance the trial court stated that the prison guard had testified that he saw defendant strike Keeter on the chest, when in fact the guard stated that defendant made "a striking lick towards Keeter's body." At another point in the charge the trial court instructed the jury that the State had offered evidence tending to show that defendant and Keeter "had had some difficulty before down in the Shelby Prison Unit." Nowhere in the record is there evidence to support this statement. While the district attorney asked the defendant and several other witnesses if there had been some trouble or difficulty between the defendant and Keeter at the Shelby Prison Unit, in each instance knowledge of any such trouble was denied.

As we stated in *State v. Blackmon,* 6 N.C. App. 66, 73, 169 S.E. 2d 472 (1969):

> "It is well settled that a slight inaccuracy in stating the evidence will not be held reversible error when the matter is not called to the court's attention in apt time to afford an opportunity for correction; on the other hand, an instruction containing a statement of a material fact not shown in evidence must be held prejudicial, even though not called to the court's attention at the time. 3 Strong, N. C. Index 2d, Criminal Law, § 113, p. 15, and cases cited."

In our opinion the statement by the trial judge that defendant struck Keeter "on Keeter's chest" rather than that defendant made "a striking lick towards Keeter's body" is clearly a slight inaccuracy which cannot be held reversible error, especially in light of the fact that defendant failed to call the matter to

the court's attention in apt time to permit correction. We also fail to see how defendant was prejudiced by the trial court's statement that defendant and Keeter "had had some difficulty before down in the Shelby Prison Unit." Conceding it was error for the trial court to so charge, we conclude such error was harmless on these facts. Here, the trial judge made it abundantly clear that he was summarizing only a part of the evidence, that it was the duty of the jury to remember it all, that if their recollection of the evidence differed from his they should take their own recollection concerning the evidence because they must find the facts and decide the truth of the matter. Moreover, in summarizing the contentions of the parties the trial court stressed equally or greater the defendant's contentions concerning this aspect of the evidence. The court stated that the defendant had produced evidence tending to show that he had never had any trouble with Keeter, that he did not have any trouble with Keeter down in the Shelby Prison Unit and that he had no reason to attack Keeter. This assignment of error is overruled.

[3]  In his sixth and final assignment of error defendant maintains that the trial court violated G.S. 1-180 by failing to instruct the jury on manslaughter as a lesser included offense of second degree murder. It is defendant's contention that a charge on manslaughter was necessary in this case since the presumption of malice which arises from proof of an intentional killing with a deadly weapon was rebutted by his testimony that he and Keeter always "got along fine" and that he had no reason to attack Keeter. We disagree.

> " 'The necessity for instructing the jury as to an in-
> cluded crime of lesser degree than that charged arises
> when and only when there is evidence from which the jury
> could find that such included crime of lesser degree was
> committed.' *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545."
> *State v. Morrison,* 19 N.C. App. 717, 720, 200 S.E. 2d 341
> (1973).

Here there was no evidence of just cause or reasonable provocation for the homicide, nor was there evidence of self-defense, unavoidable accident or misadventure. Defendant's self-serving declarations alone were not sufficient to rebut the presumption of malice arising in this case.

Defendant received a fair trial free from prejudicial error.

No error.

Judges PARKER and HEDRICK concur.