STATE OF NORTH CAROLINA v. LAWRENCE DAVIS

No. 7415SC940

(Filed 19 February 1975)

**1. Criminal Law § 99— questions by trial judge — no expression of opinion**
    In a prosecution for assault and battery, the trial court did not express an opinion in asking witnesses questions concerning the incident and a later confrontation between the prosecuting witness and defendant where the questions were objective and innocuous and related to matters of minor importance.

**2. Assault and Battery § 14— sufficiency of evidence**
    The State's evidence was sufficient for the jury in a prosecution for assault and battery where it tended to show that the victim and his sister-in-law went to defendant's home to discuss an incident involving defendant and the sister-in-law, that an argument ensued and defendant told the victim and his sister-in-law to leave the premises, that as they were leaving the victim asked defendant for his name, saying the sheriff might want to know it, and that defendant then punched the victim in the mouth with his fist.

APPEAL by defendant from *Clark, Judge.* Judgment entered 26 June 1974 in Superior Court, ORANGE County. Heard in the Court of Appeals 22 January 1975.

This is a criminal action in which the defendant was charged with assault and battery in violation of G.S. 14-33. Upon a plea of not guilty, the jury returned a verdict of guilty as . charged. From judgment sentencing defendant to be imprisoned for a term of 30 days in the county jail, sentence suspended upon the condition defendant pay the costs and medical expenses incurred by the prosecuting witness, defendant appealed.

State's evidence tended to show that Vicky Lorbacher lived with her brother-in-law, Herman Long, and her sister, Jane Long; that on 12 February 1974 while Vicky was riding her sister's motorcycle, the defendant approached her in his truck and ran her off the road into a ditch; that Vicky complained. to her sister and brother-in-law about the incident and they all went to defendant's house to talk with him; that there was a confrontation between defendant and Vicky and her brother-in-law, Herman; that defendant and Vicky cursed each other and defendant told Vicky and her brother-in-law to leave the premises; that as they were leaving Herman asked defendant his name, saying that the sheriff might want to know it, where-

upon the defendant came up to Herman and punched him in the mouth. Other evidence offered by the State tended to show that as a result of defendant's having punched him in the mouth, Herman lost a tooth, suffered a broken upper jaw, and had to have 11 stitches taken in his lip at the hospital. Defendant also had to go to the hospital to have his finger sutured.

Defendant offered evidence tending to show that after he told Vicky and Herman to leave his premises, Herman said he would not leave until defendant told him his name. Defendant then punched Herman and said, "That's my name."

Additional facts necessary for decision are set forth in the opinion.

*Attorney General Rufus L. Edmisten, by Associate Attorney David S. Crump, for the State.*

*B. Frank Bullock for defendant appellant.*

MORRIS, Judge.

[1]  In his first assignment of error defendant maintains the trial judge violated G.S. 1-180 by asking witnesses certain questions concerning the incident and a later confrontation between the prosecuting witness, Herman Long, and defendant. Defendant asserts that by asking these questions, the trial judge took on the role of advocate in the trial, which was highly prejudicial to the defendant. We find defendant's argument unpersuasive. A careful examination of the questions asked by the court indicates that they were entirely objective and innocuous. Clearly, the trial judge did not become an advocate in favor of the State. Furthermore, the questions related to matters of minor importance, having little relation to the principal issue in this case. Finally, defendant has failed to show how he was prejudiced by these questions. It must appear with ordinary certainty that the rights of a defendant have in some way been prejudiced by the conduct of the trial judge, before such conduct can be treated as reversible error. *State v. Blue,* 17 N.C. App. 526, 195 S.E. 2d 104 (1973), and cases cited therein.

[2]  Defendant's second and fourth assignments of error relate to the denial of his motions for nonsuit at the close of the State's evidence and at the close of all the evidence. "By introducing testimony at the trial, defendant waived his right to except on appeal to the denial of his motion for nonsuit

Financial Services Corp. v. Welborn

at the close of the State's evidence. His later exception to the denial of his motion for nonsuit made at the close of *all* the evidence, however, draws into question the sufficiency of all the evidence to go to the jury." *State v. Mull,* 24 N.C. App. 502, 211 S.E. 2d 515 (1975), citing *State v. McWilliams,* 277 N.C. 680, 687, 178 S.E. 2d 476 (1971). Upon motion to nonsuit, the evidence must be considered in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom, and nonsuit should be denied when there is sufficient evidence, direct, circumstantial or both, from which the jury could find that the offense charged has been committed and that defendant committed it. *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469 (1968), and cases cited therein. The record contains plenary evidence that the prosecuting witness was peacefully leaving defendant's premises when defendant approached him and suddenly struck him in the mouth. For the purpose of nonsuit, it is immaterial that the State's evidence was controverted by defendant's assertion that he merely was using reasonable force to remove a trespasser from his premises. The credibility of the evidence was for the jury. As there was substantial evidence of each of the elements of the offenses charged, defendant's motion for nonsuit was properly denied.

We have carefully reviewed defendant's remaining assignments of error and find them to be without merit. Defendant received a fair trial free from prejudicial error.

No error.

Judges PARKER and HEDRICK concur.