STATE OF NORTH CAROLINA v. ALFRED LOGAN

No. 7420SC1021

(Filed 5 March 1975)

1. **Robbery § 4— armed robbery — aiding and abetting — sufficiency of evidence**

    In an armed robbery prosecution evidence was sufficient to support a jury finding that defendant aided and abetted another in the commission of the crime where it tended to show that defendant and a companion went to a grocery store, they wandered around in the store, defendant bought a couple of items and both left, both returned about an hour later with defendant driving, the companion went into the store, came out, then went back in again and robbed the proprietor, and both left the scene in a hurry with defendant driving.

2. **Robbery § 5; Criminal Law § 9— armed robbery — aiding and abetting — failure to define**

    Defendant in an armed robbery prosecution who did not actually rob the victim but who drove the getaway vehicle is entitled to a new trial where the court did not define aiding or abetting and did not instruct that mere presence at the scene of the crime is not enough to constitute aiding and abetting.

    Judge BRITT dissenting.

APPEAL by defendant from *Crissman, Judge.* Judgment entered 26 August 1974 in Superior Court, UNION County. Heard in the Court of Appeals 18 February 1975.

Defendant was charged with armed robbery in violation of G.S. 14-87. Upon his plea of not guilty the jury returned a verdict of guilty as charged. From judgment sentencing him to imprisonment for a term of not less than 12 years nor more than 18 years, defendant appealed.

State's evidence tended to show that on 3 July 1974 Anne Helms was operating a small grocery store and gas station near Monroe, North Carolina; that around noontime defendant and

one Wright drove up to the store in a light green Monte Carlo automobile and came into the store; that defendant and Wright wandered around the store for a few minutes and then defendant purchased a soft drink and some crackers and both individuals left the store and drove away; that about an hour later the defendant and Wright returned to the store in the same automobile; that defendant was driving the automobile and although he could have parked near the door to the store, defendant backed the automobile into a parking space some distance away; that Wright got out of the automobile, came into the store and purchased a few pieces of gum; that Wright left the store, then turned around and came back into the store with a ski mask pulled down over his face; and that Wright pointed a gun at Mrs. Helms and said "Money. Give me your money." Other evidence offered by the State tended to show that Mrs. Helms gave Wright $101 and he left the store; that once he was outside the store, Wright pulled off his ski mask and ran and got in the automobile and defendant drove off in a hurry, throwing rocks and skidding onto the pavement as he left.

Defendant's evidence consisted solely of his own testimony. Defendant admitted stopping at the store on two occasions, but he denied going into the store the first time they stopped there. The second time they stopped at the store, defendant testified that Wright went inside the store and purchased "some bubble gum or something" and returned to the automobile, then defendant went inside the store and purchased some bubble gum and a soda. Afterwards defendant returned to the automobile and he and Wright drove off. Defendant testified that he did not have anything to do with the robbery and that he did not know that Wright robbed Mrs. Helms.

Attorney General Rufus L. Edmisten, by Assistant Attorney General Robert G. Webb, for the State.

Joe P. McCollum, Jr., for defendant appellant.

MORRIS, Judge.

[1] Defendant's first assignment of error relates to the denial of his motion for judgment as of nonsuit at the close of the State's evidence. Under the rationale of State v. Aycoth, 272 N.C. 48, 157 S.E. 2d 655 (1967), defendant contends it was error to deny his motion. We disagree.

State v. Logan

"By introducing testimony at the trial, defendant waived his right to except on appeal to the denial of his motion for nonsuit at the close of the State's evidence." *State v. Davis*, 24 N.C. App. 683, 211 S.E. 2d 849 (1975), citing *State v. Mull*, 24 N.C. App. 502, 211 S.E. 2d 515 (1975), and *State v. McWilliams*, 277 N.C. 680, 687, 178 S.E. 2d 476 (1971); G.S. 15-173. Defendant did not renew his motion for nonsuit at the close of the State's evidence. Nevertheless, pursuant to G.S. 15-173.1, we have reviewed the sufficiency of the State's evidence to go to the jury. Considering the evidence in the light most favorable to the State, we conclude there is sufficient evidence from which a jury could find defendant aided and abetted Wright in the commision of the offense charged.

> "One who advises, counsels, procures, encourages or assists another in the commission of a crime is an aider and abettor. (Citations omitted.)
>
> 'A person aids and abets when he has "that kind of connection with the commission of a crime which, at common law, rendered the person guilty as a principal in the second degree. It consisted of being present at the time and place, and in dòing some act to render aid to the actual perpetrator of the crime, though without taking a direct share in its commission." ' (Citations omitted.) *State v. Beach*, 283 261, 266-267, 196 S.E. 2d 214 (1973).
>
> " . . . One who procures or commands another to commit a felony, accompanies the actual perpetrator to the vicinity of the offense and, with the knowledge of the actual perpetrator, remains in that vicinty for the purpose of aiding and abetting in the offense and sufficiently close to the scene of the offense to render aid in its commission, if needed, or to provide a means by which the actual perpetrator may get away from the scene upon the completion of the offense, is a principal in the second degree and equally liable with the actual perpetrator. . . . " *State v. Price*, 280 N.C. 154, 158, 184 S.E. 2d 866 (1971), and cases cited therein.
>
> " . . . While mere presence cannot constitute aiding and abetting in legal contemplation, a bystander does become a principal in the second degree by his presence at the time and place of a crime where he is present to the knowledge of the actual perpetrator for the purpose of assisting, if

necessary, in the commission of the crime, and his presence and purpose do, in fact, encourage the actual perpetrator to commit the crime. (Citations omitted.)" *State v. Birchfield,* 235 N.C. 410, 414, 70 S.E. 2d 5 (1952), and cases cited therein.

We find the case of *State v. Aycoth, supra,* distinguishable from the case at bar. As we have found sufficient evidence from which the jury could find defendant aided and abetted Wright in the commission of the armed robbery, defendant's first assignment is overruled.

[2] In his only other assignment of error, defendant contends the trial court erred in its charge by not defining the term "aiding and abetting". An examination of the record reveals that the trial court instructed the jury only that "a person who aids and abets another to commit this crime of armed robbery is guilty of that same crime himself". The trial court did not define aiding and abetting, nor did it state that mere presence at the scene of the crime is not enough to constitute aiding and abetting. *State v. Birchfield, supra,* and cases cited therein. In our opinion this assignment of error has merit and is sufficient to warrant a new trial for the defendant. As we stated in *State v. Vample,* 20 N.C. App. 518, 201 S.E. 2d 694 (1974), "[w]hen the State presents evidence tending to show defendant might have aided and abetted, it is incumbent upon the trial court to explain the principles of aiding and abetting which apply to the particular evidence in the case." *State v. Vample, supra,* at p. 522, citing *State v. Madam (X),* 2 N.C. App. 615, 163 S.E. 2d 540 (1968). Here, the charge was not sufficient as to aiding and abetting, and for that reason, defendant is entitled to a new trial.

New trial.

Judge ARNOLD concurs.

Judge BRITT dissents.

Judge BRITT dissenting:

While the jury charge in this case would not qualify as a model charge in that it did not contain the refinements in defining "aiding and abetting", when the charge is considered as a

whole, I think it presented the case to the jury in a manner that was fair to the defendant. The evidence against defendant was overwhelming as is indicated by the fact that within fifteen minutes after they received the case, the jury returned a verdict of guilty as charged. In my opinion, the error in the charge complained of was not sufficiently prejudicial to defendant to warrant a new trial. I vote to let the verdict and judgment stand.