STATE OF NORTH CAROLINA v. JOE HITT

No. 7415SC1042

(Filed 19 March 1975)

Embezzlement § 6— money given to purchase corporation stock — failure of defendant to purchase — sufficiency of evidence of embezzlement

    Evidence was sufficient to be submitted to the jury in an embezzlement case where it tended to show that the prosecuting witness gave defendant checks on two occasions for the purpose of purchasing stock in a corporation, both checks were made payable to defendant who endorsed and cashed them but never delivered stock as he had promised, on one occasion defendant told the prosecuting witness that his stock had been issued and received but had to be returned for corrections and on a later occasion that he needed the money and this was the only way he knew how to get it, and the corporation never received the funds in question nor did the prosecuting witness ever receive stock in the corporation.·

APPEAL by..defendant from *Brewer, Judge.* Judgment entered 6 September 1974. Heard in the Court of Appeals 19 February 1975.

Defendant was charged in separate indictments with two counts of embezzlement in violation of G.S. 14-90. Upon his pleas of not guilty, the jury returned verdicts of guilty as charged. From judgments sentencing him to imprisonment for a term of not less than two years nor more than four years in case number 73CR9430, and for a consecutive term of not less than two years nor more than three years in case number 73CR9431, defendant appealed.

State's evidence tended to show that the prosecuting witness gave the defendant two checks, one in the amount of $1000 and another in the amount of $1500, for the purpose of purchasing stock in a corporation; that both checks were made payable to the defendant and defendant endorsed and cashed the checks, but never delivered the stock as he had promised; that on one occasion defendant told the prosecuting witness that his stock had been issued and received, but had to be returned for corrections and on a later occasion that he needed the money and this was the only way he knew how to get it. Other evidence offered by the State tended to show that the corporation never received the funds in question and the prosecuting witness never received stock in the corporation.

Defendant admitted receiving $2500 from the prosecuting witness for the purchase of stock in a corporation to be formed in California, but stated that the allocation of ownership in the corporation was changed, and thereafter he did not consider it to be advisable to invest in the corporation. Defendant further testified that a North Carolina corporation in which he and the prosecuting witness each held stock subsequently got into serious financial difficulties and that the prosecuting witness agreed to allow defendant to invest the $2500 in that corporation, which he did. Defendant admitted that the prosecuting witness later asked that his $2500 be returned.

*Attorney General Rufus L. Edmisten, by Associate Attorney Robert Kaylor, for the State.*

*Graham and Cheshire, by Lucius M. Cheshire, for defendant appellant.*

MORRIS, Judge.

Defendant's first three assignments of error relate to the denial of his motions for judgment as of nonsuit at the close

of the State's evidence, at the close of the defendant's evidence, and at the close of all the evidence.

> " 'By introducing testimony at the trial, defendant waived his right to except on appeal to the denial of his motion for nonsuit at the close of the State's evidence. His later exception to the denial of his motion for nonsuit made at the close of all the evidence, however, draws into question the sufficiency of all the evidence to go to the jury.' *State v. Mull*, 24 N.C. App. 502, 212 S.E. 2d 515 (1975), citing *State v. McWilliams*, 277 N.C. 680, 687, 178 S.E. 2d 476 (1971)." *State v. Davis*, 24 N.C. App. 683, 211 S.E. 2d 849 (1975).

> " . . . To convict a defendant of embezzlement in violation of G.S. § 14-90, our Supreme Court has declared that 'four distinct propositions of fact must be established: (1) that the defendant was the agent of the prosecutor, and (2) by the terms of his employment had received property of his principal; (3) that he received it in the course of his employment, and (4) knowing it was not his own, converted it to his own use. (Citations omitted.)' " *State v. Buzzelli*, 11 N.C. App. 52, 54-55, 180 S.E. 2d 472 (1971), and cases cited therein.

Viewing the evidence before us in the light most favorable to the State and giving the State the benefit of every reasonable inference which may be fairly drawn therefrom, as we are required to do when passing on a motion for nonsuit, *State v. Goines*, 273 N.C. 509, 160 S.E. 2d 469 (1968), and cases cited therein, we find substantial evidence tending to show, or from which reasonable inferences may be drawn which would tend to show, every essential element of the crime of embezzlement. Defendant's motion for nonsuit, therefore, was properly denied.

Defendant's fourth and fifth assignments of error relate to the denial of his motions to have the verdict set aside and for judgment notwithstanding the verdict. It has long been held that "[w]hen the court rules on a motion to set aside the verdict in the exercise of its discretion, its ruling is not reviewable in the absence of abuse of such discretion" and that "[d]enial of a motion to set aside a verdict which was supported by the evidence will not be disturbed." 7 Strong, N. C. Index 2d, Trial, § 48, p. 364, and cases cited therein. As we have found sufficient evidence to support a denial of defendant's

motions and defendant has failed to show an abuse of discretion in the denial of the motions, these assignments of error are overruled.

. Defendant received a fair trial free from prejudicial error.

No error.

Judges BRITT and ARNOLD concur.