STATE OF NORTH CAROLINA v. R. L. McKINNEY AND JOSEPH DWAYNE WILMOUTH

No. 7423SC1084

(Filed 2 April 1975)

**Burglary and Unlawful Breakings § 5; Larceny § 7— larceny of goods from home — insufficiency of evidence**

In a prosecution for breaking and entering and larceny, evidence was insufficient to be submitted to the jury where it tended to show that a residence was broken into and goods were taken therefrom,

tracks led from the house to a highway embankment where the goods were covered by a bedspread and pillowcase, law enforcement officers established a stake-out, defendant and another arrived at the scene in an automobile owned and operated by defendant, the companion got out of the automobile, came down the embankment, and was arrested by officers, defendant was arrested at his vehicle, no fingerprints were taken linking defendant to the break-in or larceny of the goods, and no effort was made to determine whether the footprints leading from the residence to the embankment matched those of defendant.

Judge VAUGHN dissents.

ON writ of *certiorari* to review the trial of the defendant McKinney before *Gambill, Judge.* Judgment entered 27 June 1974 in Superior Court, WILKES County. Heard in the Court of Appeals 13 March 1975.

Defendant McKinney was charged with breaking and entering and larceny in violation of G.S. 14-54 and G.S. 14-72. Upon his pleas of not guilty, the jury returned a verdict of guilty as charged. From judgment sentencing him to imprisonment for a term of not less than three nor more than six years for breaking and entering, with a recommendation for work release, and judgment sentencing him to imprisonment for a consecutive term of not less than three nor more than six years for the crime of larceny, sentence suspended for five years on the condition "[t]hat the defendant be and remain of general good behavior and not violate any laws", defendant appealed.

Taken in the light most favorable to the State, the evidence tends to show that the residence of William Parsons was the subject of a break-in sometime between 7:45 a.m. and 4:00 p.m. on 22 May 1974, and several guns and some power tools were stolen therefrom; that Parsons discovered two sets of footprints in the mud leading from the river to his home, "two sets of tracks that come in the house and two sets that went back"; that Parsons and his brother followed the tracks to an embankment beside a highway, where they discovered the missing merchandise wrapped in a bedspread and a pillowcase; that the articles were lying in honeysuckle vines about half way down the embankment; that law enforcement officers were summoned to the scene and a stake-out was established; that at approximately 10:20 p.m., the defendant and Joseph Dwayne Wilmouth arrived at the scene in an automobile owned and being operated by the defendant; that Wilmouth got out of the automobile and came

down the embankment from the highway, and was arrested by the officers when he picked up the stolen guns; and that another officer went up the embankment and arrested the defendant as he came around the front of his automobile toward the location of the stolen goods.

Defendant's evidence tended to show that the defendant left for work on 22 May 1974 at about 6:45 a.m. and arrived at work at about 7:15 a.m.; that defendant left work at about 10:10 a.m. because of rain and visited his mother for about 20 minutes, having arrived there sometime between 10:00 and 10:30 a.m.; that from his mother's, defendant went directly home and remained with his wife from about 10:30 or 11:00 a.m. until about 9:30 p.m. Defendant's testimony was corroborated by his wife, a co-worker, his mother, and a neighbor.

Wilmouth testified that he had been hitchhiking on Highway #16 and was between rides and walking along the road when a blue sheet attracted his attention; that he examined the sheet and discovered the stolen guns and "some saws and stuff" and decided to return that night to pick up the goods; that sometime between 3:00 and 4:00 p.m. he went to the defendant's home and shared the information concerning the goods with the defendant; and that he remained at the defendant's home until after 10:00 p.m., when he and the defendant drove out to the location of the stolen goods and were arrested.

Both the defendant and Wilmouth denied participating in any breaking or entering of the Parsons home. Defendant testified that when Wilmouth came and told him about the guns, he suspected that there was something not legitimate about the transaction. He admitted driving Wilmouth to the location of the stolen goods but testified he was still in his automobile when he was arrested.

*Attorney General Edmisten, by Deputy Attorney General Andrew A. Vanore, Jr., for the State.*

*John S. Willardson for defendant appellant McKinney.*

MORRIS, Judge.

Defendant's only assignment of error relates to the denial of his motions for judgment as of nonsuit at the close of the State's evidence and at the close of all the evidence. "By introducing testimony at the trial, defendant waived his right to

except on appeal to the denial of his motion for nonsuit at the close of the State's evidence. His later exception to the denial of his motion for nonsuit made at the close of *all* the evidence, however, draws into question the sufficiency of all the evidence to go to the jury." *State v. Davis,* 24 N.C. App. 683, 211 S.E. 2d 849 (1975), citing *State v. Mull,* 24 N.C. App. 502, 211 S.E. 2d 515 (1975), and *State v. McWilliams,* 277 N.C. 680, 687, 178 S.E. 2d 476 (1971).

> "It is well settled in this State that upon motion to nonsuit, the evidence must be considered in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom, and that nonsuit should be denied when there is sufficient evidence, direct, circumstantial or both, from which the jury could find that the offense charged has been committed and that defendant committed it." *State v. Mull, supra,* citing *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469 (1968).

Even considering the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom, we conclude there is insufficient evidence from which the jury could find that the defendant McKinney committed the offenses charged. We note that no fingerprints were taken linking the defendant to the break-in or larceny of the guns and tools, and no effort was made to determine whether the footprints leading from the Parsons home matched the defendant's footprints. Clearly defendant never had actual possession of the stolen merchandise. The State relies entirely upon the doctrine of possession of recently stolen property to overcome the question of nonsuit.

The State contends that the defendant was in such close physical proximity to the stolen merchandise at the time of his arrest that he had the power to control the property to the exclusion of others and that he had the intent to so control it. We disagree. The record shows that at no time was the defendant closer than 10 feet from the stolen merchandise. Furthermore, the merchandise was found at an open embankment to which all members of the public had access. The evidence was that although the sheet and pillowcase could not be seen from highway, they were visible from the shoulder. As was noted in *State v. English,* 214 N.C. 564, 566, 199 S.E. 920 (1938):

> " . . . The evidence is wholly circumstantial. To convict upon this type of evidence all the circumstances proved must be

Lease Properties v. Shingleton

consistent with each other, consistent with the hypothesis that accused is guilty, and at the same time inconsistent with the hypothesis that he is innocent and with every other rational hypothesis except that of guilt. Only when the evidence considered in the light most favorable to the State excludes any reasonable hypothesis except that of guilt and the circumstances are inexplicable on the theory of innocence is a conviction warranted. *S. v. Madden*, 212 N.C., 56, 192 S.E., 859, and cases there cited. When the circumstances taken together are as compatible with innocence as with guilt there arises a reasonable doubt and it is the duty of the jury to adopt the hypothesis of innocence even though that of guilt is the more probable. *S. v. Madden, supra.*"

While the evidence in this case might raise in the minds of average persons a strong suspicion that defendant is guilty of the offense charged, in our opinion it is not sufficient to support a conviction and therefore not sufficient to submit the issue of his guilt to the jury. His motion for nonsuit should have been allowed.

Reversed.

Judge ARNOLD concurs.

Judge VAUGHN dissents.