State v. Burke

STATE OF NORTH CAROLINA v. CHARLES IRA BURKE

No. 7512SC615

(Filed 4 February 1976)

1. Criminal Law §§ 91, 92— motions for consolidation and continuance

The trial court did not abuse its discretion in denying defendant's motion for consolidation of his trial with that of another who participated in the crime with him, nor was it error to deny defendant's motion for continuance so that the case involving defendant's partner in crime might be called prior to the defendant's case.

2. Homicide § 24— killing in heat of passion — burden of proof — jury instructions

Defendant who was tried prior to 9 June 1975 was not entitled to the benefit of the principles of *Mullaney v. Wilbur*, 421 U.S. 684, and therefore was not denied due process by the trial court's instructions that the defendant must prove, not beyond a reasonable doubt but only to the jury's satisfaction, that he killed in the heat of passion upon sudden provocation in order to reduce second degree murder to manslaughter.

APPEAL by defendant from *Long, Judge.* Judgment entered 11 November 1974 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 24 October 1975.

Defendant pled not guilty to an indictment charging him with the first degree murder of Lawrence Jerry Stone. The jury returned a verdict of guilty of second degree murder.

Evidence presented at the trial tended to establish that on the evening of 1 May 1974 the defendant, along with his father, Charles Burke, and Richard Lynn Marshall, visited a topless bar in the City of Fayetteville. They were all intoxicated.

Defendant and his party became unruly and they were approached by Jerry Stone, assistant manager of the bar, and two "bouncers." After some discussion defendant refused to leave voluntarily and a "free for all" fight started. Defendant finally pulled a handgun and forced his adversary to back off. Marshall and Stone fought their way out through the back door. Defendant followed them out the door, and Marshall and defendant were both seen in the parking lot beating Stone. Stone was shot to death.

Defendant was given an active sentence and he appealed to this Court.

*Attorney General Edmisten, by Senior Deputy Attorney General R. Bruce White, Jr., and Assistant Attorney General Zoro J. Guice, Jr., for the State.*

*H. Gerald Beaver, Assistant Public Defender, Twelfth Judicial District, for defendant appellant.*

ARNOLD, Judge.

[1]  Defendant's argument that the trial judge erred in denying his motion to consolidate for trial the cases of *State v. Charles Ira Burke* and *State v. Richard Lynn Marshall* is rejected. It is within the discretion of the trial court to consolidate for trial homicide cases against two defendants where both defendants are indicted for an offense of the same class arising out of the same killing. *State v. Bass,* 280 N.C. 435, 186 S.E. 2d 384 (1972); *State v. Feimster,* 21 N.C. App. 602, 205 S.E. 2d 602 (1974); G.S. 15-152 (Repealed effective 1 September 1975). The exercise of that discretion will not be disturbed absent a showing of abuse. *State v. Feimster, supra.* Defendant's case was not prejudiced by the trial judge's denial of defendant's motion to consolidate the cases for trial. The trial judge did not abuse his discretion in denying defendant's motion.

Defendant next contends that the trial court erred in denying his motion that the case of *State v. Richard Lynn Marshall* be called for trial prior to the defendant's case. Defendant's motion was made to the trial court in chambers on the day that defendant's case was called for trial. We cannot say that the trial judge abused his discretion in denying the defendant's motion for a continuance. *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844 (1972); *State v. Morrison,* 19 N.C. App. 717, 200 S.E. 2d 341 (1973).

[2]  Finally, arguing *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed. 2d 508 (1975), defendant assigns error to the trial court's instructions to the jury that the defendant must prove, not beyond a reasonable doubt but only to the jury's satisfaction, that he killed in the heat of passion or sudden provocation in order to reduce second degree murder to manslaughter. The assignment has no merit.

The North Carolina Supreme Court has recently held that "by reason of the decision in *Mullaney* the Due Process Clause

In re Stevens

of the Fourteenth Amendment prohibits the use of our long-standing rules in homicide cases that a defendant in order to rebut the presumption of malice must prove to the satisfaction of the jury that he killed in the heat of a sudden passion and to rebut the presumption of unlawfulness, that he killed in self-defense. The instructions given here insofar as they placed these burdens of proof on the defendant violate the concept of due process announced for the first time in *Mullaney*. We decline, however, for reasons hereinafter stated, to give *Mullaney* retroactive effect in North Carolina. We hold that because the trial judge instructed the jury in accordance with our law of homicide as it stood, and in a trial conducted, before the *Mullaney* decision, the defendant is not entitled to the benefit of the *Mullaney* doctrine. We will however apply the decision to all trials conducted on or after June 9, 1975." *State v. Hankerson*, 288 N.C. 632, 220 S.E. 2d 575 (1975).

Since the trial in this case against defendant was concluded prior to 9 June 1975 the *Mullaney* holding does not apply. *State v. Hankerson, supra.*

Defendant's remaining assignments of error have been reviewed and are found to have no merit.

No error.

Judges BRITT and VAUGHN concur.