State v. Burke

---

STATE OF NORTH CAROLINA v. CHARLES IRA BURKE

No. 7512SC615

(Filed 19 October 1977)

Homicide § 24.2— reduction of crime from murder to manslaughter—burden of proof—erroneous instruction

    Upon remand from the U.S. Supreme Court, a defendant convicted of second degree murder in November 1974 is granted a new trial because of the court's instructions which placed the burden upon defendant to show circumstances that would reduce the crime from second degree murder to manslaughter.

ON order from the United States Supreme Court, *Burke v. North Carolina*, --- U.S. ---, 53 L.Ed. 2d 1087, 97 S.Ct. 2965 (1977), entered 27 June 1977 granting defendant's petition for writ of certiorari to review our decision reported in 28 N.C. App. 469, 221 S.E. 2d 713 (1976), vacating said decision and remanding the cause to this Court for further consideration.

*Attorney General Edmisten, by Senior Deputy Attorney General R. Bruce White, Jr. and Assistant Attorney General Zoro J. Guice, Jr., for the State.*

*H. Gerald Beaver, Assistant Public Defender, Twelfth Judicial District, for defendant appellant.*

ARNOLD, Judge.

The decision of this Court finding no error in defendant's trial, reported in 28 N.C. App. 469, 221 S.E. 2d 713 (1976) was vacated by order of the U.S. Supreme Court entered 27 June 1977, and the cause remanded to this Court for further consideration in light of *Patterson v. New York*, 432 U.S. ---, 53 L.Ed. 2d 281, 97 S.Ct. 2319 (1977), and *Hankerson v. North Carolina*, 432 U.S. ---, 53 L.Ed. 2d 306, 97 S.Ct. 2339 (1977).

Being bound by the decisions of the United States Supreme Court in *Patterson v. New York, supra*, and for the further reasons stated by this Court in *State v. Barbour* (filed 13 October 1977, No. 7515SC479), we order that defendant be given a new trial.

New trial.

Judges BRITT and VAUGHN concur.